Peter L. KNIGHT, Dennis L. Wall, Michael D. Mulkey, et al., Plaintiffs–Appellants, Cross–Appellees,

v.

COLUMBUS, GEORGIA, Defendant–Appellee, Cross–Appellant.

No. 93–8580.

United States Court of Appeals, Eleventh Circuit.

April 22, 1994.

Harlan S. Miller, Kirwan, Goger, Chesin and Parks, PC, Theresa L. Kitay, Allan L. Parks, Jr., Atlanta, GA, for appellants.

Eugene Hardwick Polleys, Jr., Columbus, GA, for appellee.

Before TJOFLAT, Chief Judge, CARNES, Circuit Judge, and MERHIGE *, Senior District Judge.

* Honorable Robert R. Merhige, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

CARNES, Circuit Judge:

## I. INTRODUCTION

This case requires us to determine the applicability of the "continuing violation" doctrine to the statute of limitations under the Fair Labor Standards Act (FLSA). 29 U.S.C.A. §§ 201 *et seq.* The plaintiffs, former, present, and future officers and non-officer employees of the fire department of Columbus, Georgia ("the City"), filed this action on October 1, 1990. The officer plaintiffs allege that since the FLSA became applicable to local governments in 1985–86, the City has misclassified them as exempt executive or administrative employees and has failed to pay them overtime as required by section 7 of the FLSA. 29 U.S.C.A. § 207 (1965 & Supp.1993).

In contrast, the City has never denied that the non-officer plaintiffs are covered by the overtime provisions of the FLSA. The non-officers allege, however, that, on July 1, 1987, in order to evade the financial effects of the FLSA, and in violation of section 8 of the Fair Labor Standards Amendments of 1985, Pub.L. No. 99–150, § 8, 99 Stat. 787, 791 (1985), the City denied the non-officers a 7.5% pay increase granted to all City public safety employees not eligible for overtime.

The City moved for summary judgment on the merits and the district court denied the motion, finding "it to be clear that there exist disputed issues of material fact." The defendants renewed their motion for summary judgment on the merits, and also argued that the plaintiffs' claims were barred by the statute of limitations. Relying on our unpublished decision in *Dunn v. Cobb County,* 11th Cir. (No. 91–9086, Nov. 25, 1992), the district court held that both groups of plaintiffs' claims were barred by the statute of limitations, 29 U.S.C.A. § 255(a) (1985), and entered summary judgment for the City. Both sets of plaintiffs appeal, arguing that their claims are timely under the "continuing violation" doctrine.

## II. STANDARD OF REVIEW

■ We exercise plenary review over the district court's grant of summary judgment.

*Chapman v. Klemick,* 3 F.3d 1508, 1509 (11th Cir.1993). In this case, the district court held that the plaintiffs' claims were barred by operation of the statute of limitations. In such circumstances:

> our review is ... akin to the review of a dismissal for failure to state a cause of action or a judgment on the pleadings, because the dispute is whether there can be any right to assert the claim in the first instance. Given this posture, we must assume that the material allegations of the complaint are true and construe all inferences arising therefrom in [the plaintiffs'] favor.

*Jones v. Resolution Trust Corp.,* 7 F.3d 1006, 1008 (11th Cir.1993) (footnote omitted).

## III. DISCUSSION

### A. THE CONTINUING VIOLATION THEORY

■ "The standard for determining whether an employment practice constitutes a continuing violation was set forth in *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir.1980)." *Beavers v. American Cast Iron Pipe Co.,* 975 F.2d 792, 796 (11th Cir.1992). In *Gonzalez,* a suit brought under Title VII, we held that:

> A past act of discrimination for which a party did not file a charge of discrimination with the EEOC within the limitations period is legally equivalent to a discriminatory act that occurred before the enactment of Title VII. Although such a past discriminatory act may continue to affect an employee's present pay and fringe benefits, such an effect does not constitute a continuing violation of Title VII. ... [T]he critical question is whether any present violation exists. ... [W]here the employer engaged in a discrete act of discrimination [outside the limitations period], allegations that the discriminatory act continues to adversely affect the employee or that the employer presently refuses to rectify its past violation will not satisfy the [statute of limitations].

*Gonzalez,* 610 F.2d at 249 (citations omitted). The critical distinction in the continuing violation analysis, therefore, is whether the

plaintiffs complain of " 'the present consequence of a one time violation, which does not extend the limitations period, [or] the continuation of that violation into the present, which does.' " *Calloway v. Partners Nat'l Health Plans,* 986 F.2d 446, 448 (11th Cir.1993) (quoting *Beavers,* 975 F.2d at 796); *see also Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 658 (11th Cir.1993).[1] Where a continuing violation is found, the plaintiffs can recover for any violations for which the statute of limitations has not expired. *Beavers,* 975 F.2d at 796.

## B. THE OFFICER PLAINTIFFS' CLAIM

The FLSA exempts from its overtime requirements "any employee employed in a bona fide executive, administrative, or professional capacity... ." 29 U.S.C.A. § 213(a)(1) (1965 & Supp.1993); *see also* 29 C.F.R. §§ 541.1 to 541.3 (1993). The City argues that the officer plaintiffs, who hold the ranks of lieutenant, captain, and battalion chief, are exempt executive or administrative employees and that, therefore, they are not entitled to overtime under the FLSA. The officer plaintiffs contend that they are not salaried employees, that their job functions place them beyond the scope of the executive and administrative exemptions, and that, therefore, they are entitled to overtime.

■ The City argues that even if the officer plaintiffs are not exempt, their claim is untimely because the City adopted its classification system more than three years ago. Actions under the FLSA are "forever barred" unless "commenced within two years after the cause of action accrued." 29 U.S.C.A. § 255(a) (1985). In the case of willful violations, the limitations period is extended to three years. *Id.* According to the City, the adoption of its classification system constitutes a discrete past act which started the limitations clock running; by failing to assert their rights within three years of the policy's adoption, the officer plaintiffs forever

lost the right to challenge the system. We disagree.

The City's argument fails because, if the officer plaintiffs are not subject to the exemption, the FLSA has been violated each time the City issued an officer plaintiff a paycheck that failed to include payment for overtime hours actually worked. Absent an applicable exemption, the FLSA requires the City to pay its firefighters overtime once they have worked more than 159 hours in any 21 day work period. 29 C.F.R. § 553.230(c) (1993). Each failure to pay overtime constitutes a *new* violation of the FLSA. *Hodgson v. Behrens Drug Co.,* 475 F.2d 1041, 1050 (5th Cir.1973) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." (internal quotation marks omitted)); *Halferty v. Pulse Drug Co.,* 821 F.2d 261, 271 (5th Cir.1987); *Beebe v. United States,* 226 Ct.Cl. 308, 640 F.2d 1283, 1293 (1981); *Aaron v. City of Wichita,* 797 F.Supp. 898, 902 (D.Kan.1992) ("[E]ach paycheck received by plaintiffs constituted a new cause of action for the alleged violation of the FLSA [and] plaintiffs are entitled to recover for any violations which occurred in the two years preceding [the date of their claim]."); *Mitchell v. Lancaster Milk Co.,* 185 F.Supp. 66, 70 (M.D.Pa.1960); *cf. Bazemore v. Friday,* 478 U.S. 385, 395, 106 S.Ct. 3000, 3006, 92 L.Ed.2d 315 (1986) ("Each week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII .... "); *Mitchell v. Jefferson County Bd. of Educ.,* 936 F.2d 539, 548 (11th Cir.1991) (applying the continuing violation theory to actions under the Equal Pay Act and noting that the theory is "applicable to challenges under the [FLSA] for illegal minimum wages or overtime payments"); *Brewster v. Barnes,* 788 F.2d 985, 993 (4th Cir. 1986) (applying the continuing violation theory to discriminatory wage payments under the Equal Pay Act); *Jenkins v. Home Ins. Co.,* 635 F.2d 310, 312 (4th Cir.1980) (holding that Title VII and Equal Pay Act claims

---

1. Although the above cases all arose under Title VII, the rule they establish is equally applicable to FLSA cases. *Cf. Hodgson v. Behrens Drug Co.,* 475 F.2d 1041, 1050 (5th Cir.1973) (borrowing the continuing violation theory from a FLSA case and applying it to a claim under the Equal Pay Act).

were not barred by the statute of limitations because the alleged discrimination occurred each time the female plaintiff was paid less than her male colleagues for the same work).

Although the theory on which the officer plaintiffs rely is often called the "continuing violation theory," *see, e.g., Hendrix v. City of Yazoo City*, 911 F.2d 1102, 1103 (5th Cir. 1990), in the present case, the term is something of a misnomer. The term "continuing violation" suggests that the original violation, namely the decision to classify overtime-eligible employees as exempt, is somehow the source of the employees' present ability to recover. It is not. Assuming they are not exempt employees, the source of their recovery is the failure to pay them overtime, not the City's rationale for not paying them overtime. For statute of limitations purposes, the City's decision to classify the officer plaintiffs as exempt is not relevant—except, perhaps to the willfulness issue and whether the three-year or two-year period applies. What is determinative for statute of limitations purposes is that the officer plaintiffs have worked unpaid overtime hours during the statute of limitations window.

The term "continuing violation" also implies that there is but one incessant violation and that the plaintiffs should be able to recover for the entire duration of the violation, without regard to the fact that it began outside the statute of limitations window. That is not the case. Instead of one on-going violation, this case involves a series of repeated violations of an identical nature. Because each violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event.

Thus, the officer plaintiffs have a non-barred cause of action with respect to any claims (i.e., any paychecks which omitted pay for overtime worked) that accrued within two years—three years, if the City's violations were willful—of the date the complaint was filed. *See* 29 U.S.C.A. § 255(a) (1985). If they are not exempt employees, then the officer plaintiffs are entitled to "recover for

overtime hours worked dating back to the beginning of the statute of limitations period, even though [the original classification occurred] outside the statute of limitations." *Hendrix*, 911 F.2d at 1104 (discussing *Halferty v. Pulse Drug Co.*, 821 F.2d 261, 270–71 (5th Cir.1987)); *see also Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792, 796 (11th Cir.1992) (holding that if a continuing violation of Title VII exists then the plaintiff may recover "with respect to the application of that [unlawful] policy within the preceding 180 days," which is the Title VII statute of limitations period).

Two recent decisions from other circuits appear at first blush to be contrary to the decision we reach, but upon a closer look, are reconcilable with it. In *Anderson v. City of Bristol*, 6 F.3d 1168, 1176 (6th Cir.1993), the court held that the plaintiff firefighters' claim for overtime under section 7 was time-barred. However, the *Anderson* plaintiffs' sole complaint was that the city had recalculated their wage rates so as to eliminate the future impact of overtime pay. *Id.* at 1169. The wage recalculation had occurred five years before the plaintiffs filed suit, *id.*, and "[t]he only continuing effect [was] a reduced pay rate that absorbed any overtime increase that would have occurred without the wage reduction." *Id.* at 1176. Each actual paycheck included payment for overtime worked, but because the plaintiffs' base pay had been reduced, their take-home pay remained unchanged. The court reasoned that any unlawful action by the city occurred *outside* the statute of limitations. The *Anderson* decision is not inconsistent with our decision in this case, where the officer plaintiffs suffered a new violation with each paycheck they received.[2]

In *Alldread v. City of Grenada*, 988 F.2d 1425, 1427 (5th Cir.1993), the plaintiffs, officers and non-officers of the Grenada fire department, alleged that the city had violated the FLSA by failing to pay them for "sleep time," and by misclassifying the officer plaintiffs as "exempt employees." The Fifth Circuit affirmed the district court's ruling that

---

**2.** The claims of the *Anderson* plaintiffs are indistinguishable, however, from those of the *non-officer* plaintiffs in this case, and as to them we reach the same result as the Sixth Circuit did in *Anderson*. See Part III.C.2, below.

these claims were time-barred. *Id.* at 1430. The *Alldread* decision is inapposite with respect to the officer plaintiffs' claims in this case. In *Alldread*, "all [the] appellants alleged they were entitled to receive overtime compensation for their sleep time." 988 F.2d at 1429. Under the FLSA regulations, the city could, pursuant to " 'an expressed or implied agreement' " with the firefighters, *id.* at 1428 (quoting 29 C.F.R. § 553.222(c)), treat sleep time as non-compensable for firefighters working shifts of more than 24 hours. Each of the *Alldread* plaintiffs had signed an agreement providing that uninterrupted sleep time would not be compensated. More than four years after the new pay system had taken effect, the plaintiffs filed suit, claiming that the city had coerced them into signing the agreement. *Id.* at 1429. The Fifth Circuit held:

> The sole basis for appellants' seeking to impose liability against the City for sleep time compensation is their claim that the City, in the course of devising the new pay policy, coerced them, in August 1985, to relinquish their FLSA rights under threat of termination and thereafter, in October 1985, implemented a pay system predicated on those waivers. That alleged act of coercion is the event giving rise to appellants' complaint and is patently a single violation of the FLSA. Even though the *effect* of this act was reflected in appellants' subsequent paychecks, that effect does not transform the act into a continuing violation.

*Id.* at 1432 (emphasis in original). The claims of the officer plaintiffs in *Alldread* were based on a single violation of the FLSA which had occurred more than three years before. By contrast, the claims of the officer plaintiffs in the present case are not; they do not require reference to any action taken by the City outside the limitations period. It is true that the City's original adoption of the pay policy occurred more than three years ago, but the officer plaintiffs need not prove the adoption of that pay policy to recover. If they are truly not exempt employees, the officer plaintiffs only need to prove that they have worked unpaid overtime hours during the statute of limitations period.

Therefore, the district court's order granting the City summary judgment as to the officer plaintiffs' claims on statute of limitations grounds is due to be reversed insofar as it involves paychecks, received during the relevant statute of limitations period, which did not include payment for overtime that was worked.[3]

## C. THE NON–OFFICER PLAINTIFFS

### 1. Background

On February 19, 1985, the Supreme Court held that the overtime and minimum-wage provisions of the FLSA apply to state and municipal governments. *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 554–57, 105 S.Ct. 1005, 1019–21, 83 L.Ed.2d 1016 (1985) (overruling *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976)). Realizing that immediate enforcement of the FLSA would impose severe financial hardships on state and local governments, Congress "deferred application of the FLSA overtime provisions" until April 15, 1986, "so that state and local governments may make necessary adjustments in their work practices, staffing patterns, and fiscal priorities." S.Rep. No. 99–159, 99th Cong., 1st Sess. 8, 15 (1985), *reprinted in* 1985 U.S.C.C.A.N. 651, 655–56, 663; *see* Fair Labor Standards Amendments of 1985 (1985 Amendments), Pub.L. No. 99–150, § 7, 99 Stat. 787, 791 (1985). At the same time that Congress gave state and local governments a grace period to put their fi-

---

**3.** In its brief on appeal, the City argues that it is entitled to summary judgment on the merits of the officer plaintiffs' claims. Because the district court granted summary judgment only on statute of limitations grounds, we decline, for prudential reasons, to rule on the exemption issue in this appeal.

On cross-appeal, the City also argues that: (1) the district court erred by denying its motion to dismiss under Fed.R.Civ.P. 4(j) for failure to effect service within 120 days; and (2) that we should affirm the district court's grant of summary judgment because the district court should have dismissed the case under Fed.R.Civ.P. 37(d) because of the plaintiffs' failure to respond to the City's discovery requests. Having considered both of these contentions, we conclude that they are clearly without merit and do not warrant further discussion.

nancial houses in order, it also prohibited them from "discriminat[ing] against an employee with respect to the employee's wages or other terms of employment because on or after February 19, 1985, the employee asserted coverage under section 7 of the [FLSA]." 1985 Amendments § 8, 99 Stat. at 791. After August 1, 1986, however, such protection is available "only for an employee who takes an action described in section 15(a)(3) of [the FLSA]." *Id.* (Section 15(a)(3) of the FLSA prohibits discrimination against an employee "because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C.A. § 215(a)(3) (1965).)

We will assume, without deciding, that the City's July 1987 decision to deny a pay raise to the non-officer plaintiffs was a discriminatory act preceded by the requisite employee action under 29 U.S.C.A. § 215(a)(3) (1965). We conclude, nonetheless, that the district court correctly held that the non-officer plaintiffs' claims are time-barred.

### 2. Applicability of the Statute of Limitations

■ Unlike the officer plaintiffs, the non-officers have not suffered from repeated violations of the FLSA. The non-officers allege that on July 1, 1987, the City violated section 8 of the 1985 Amendments by not according them the same raise granted to overtime-exempt City public safety employees. Section 8 clearly provides that "[t]he protection against discrimination afforded by [this section] shall be available after August 1, 1986, only for an employee who takes an action described in section 15(a)(3) of [the FLSA, 29 U.S.C.A. § 215(a)(3) ]." 1985 Amendments § 8, 99 Stat. at 791. Section 15(a)(3) requires an intentional action by the employer in response to protected employee conduct. The non-officer plaintiffs' complaint alleges only one such act of intentional discrimination: the City's July 1987 decision to deny them a pay raise. For the non-officer plaintiffs to prevail, they must establish that the City violated the FLSA when it failed to give them a pay raise in July 1987, which was

more than three years before the commencement of this action in October 1990. The problem for the non-officer plaintiffs is that the City's 1987 action, even if unlawful, is now insulated from legal attack by the statute of limitations. There is no allegation that the discriminatory nature of the City's action was not immediately apparent to the plaintiffs. We have no authority, be it statutory or precedential, to suspend the application of the statute of limitations to belated litigants under such circumstances.

The continuing violation theory is of no avail to the non-officer plaintiffs. We are not convinced that each successive paycheck which pays the non-officers at a lower rate than overtime-exempt public safety employees constitutes a new act of wage discrimination as opposed to merely the lingering effect of a past unlawful act. The non-officers do not allege that any new discrimination inherent in their paychecks is intentional and in retaliation for employee action protected by section 15(a)(3). Thus, unlike the officer plaintiffs, whose claims do not involve an intent element, the non-officers are not the victims of repeated FLSA violations which give rise to new statute of limitations periods.

The non-officer plaintiffs cite only two district court cases for the proposition that, until corrected, wage discrimination is a continuing violation. *See Hill v. City of Greenville,* 696 F.Supp. 1123, 1125–26 (N.D.Tex. 1988); *Alexander v. City of Plainview,* 694 F.Supp. 221, 223 (N.D.Tex.1988). Neither case concerned application of the statute of limitations. Much more on point are *Alldread v. City of Grenada,* 988 F.2d 1425, 1429–31 (5th Cir.1993), and *Hendrix v. City of Yazoo City,* 911 F.2d 1102 (5th Cir.1990), both of which are statute of limitations cases.

In *Hendrix* the plaintiffs, municipal firefighters, claimed that the city had violated the anti-discrimination provision by reducing their base salaries in the wake of *Garcia* and the 1985 Amendments. *Hendrix,* 911 F.2d at 1103. However, the plaintiffs did not file their suit until more than three years after the pay reduction. The *Hendrix* court, reasoning by analogy, noted that in *Lorance v.*

*AT & T Technologies,* 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989), the Supreme Court had "held that the discriminatory adoption of a facially neutral seniority system was a single violation [of Title VII] triggering the statute of limitations, rather than a continuing violation renewed with each paycheck." *Hendrix,* 911 F.2d at 1104. Relying on *Lorance,* the *Hendrix* court concluded that the central issue is "whether the practice at issue is part of, or a repetition of, a past discriminatory act, in which case there is a continuing violation, or whether it is facially neutral, simply giving effect to prior discrimination, in which case there is no continuing violation." *Id.*[4] In *Hendrix,* "[t]he reduction in pay was itself the violation; subsequent pay packets simply gave it continuing effect in a facially neutral manner." *Id.* at 1105. The Fifth Circuit adhered to this view in *Alldread,* 988 F.2d at 1432, and held that the alleged coercion of the plaintiffs into waiving compensation for sleep time was "patently a single violation of the FLSA," whose on-going "effect does not transform the act into a continuing violation."

The Sixth Circuit reached a similar result in *Anderson v. City of Bristol,* 6 F.3d 1168, 1174–76 (6th Cir.1993). The *Anderson* plaintiffs alleged that Bristol had reduced their base wage rates so as to eliminate the benefits of overtime eligibility under the FLSA. The plaintiffs did not challenge the recalculation until more than five years later. The *Anderson* court rejected the plaintiffs' section 8 discrimination claim as stale, holding that the recalculation was a discrete past act whose "only continuing effect [was] a reduced pay rate." *Id.* at 1176.

■ With respect to the claims of the non-officer plaintiffs, the Fifth Circuit's holdings in *Hendrix* and *Alldread,* and the Sixth Circuit's decision in *Anderson,* are in line with our unpublished opinion in *Dunn v. Cobb County,* 11th Cir. (No. 91–9086, Nov. 25, 1992). The parties to this case agree that the facts in *Dunn* were analogous to those

presented by the claims of the non-officer plaintiffs here. In *Dunn* we affirmed the district court's judgment for the county on statute of limitations grounds, reasoning:

> The act challenged in this case is outside the limitations period and is barred by the statute of limitations. A discrete past act, such as that at issue here, cannot be considered a continuing violation under any reasonable interpretation of the continuing violation theory.

Under the Eleventh Circuit Rules, an unpublished opinion such as *Dunn* does not bind us. Rule 36–2. However, having considered the holding in *Dunn,* as well as the reasoning and similar results of *Hendrix, Alldread,* and *Anderson,* we are convinced that *Dunn* arrived at the proper rule, which we now adopt as Circuit precedent. When, as here, a claim of discrimination in violation of section 8 of the 1985 Amendments is premised on a discrete act, such as a one-time wage reduction, the statute of limitations begins to run from the time of the act. The receipt of subsequent paychecks, albeit diminished on account of the prior unlawful act, does not start a new statute of limitations period. Therefore, the district court correctly granted summary judgment against the non-officer plaintiffs.

## IV. CONCLUSION

The district court's grant of summary judgment for the City on statute of limitations grounds is REVERSED with respect to the claims of the officer plaintiffs and AFFIRMED with respect to the claims of the non-officer plaintiffs. The case is REMANDED for further proceedings consistent with this opinion.

---

**4.** Although the *Lorance* decision has been abrogated by statute in the Title VII-seniority system context, *see* 42 U.S.C.A. § 2000e–5(e)(2) (Supp. 1993), we have previously described *Lorance* as " 'merely an application of the traditional distinction' between a continuing violation and the present consequences of a one-time past act of discrimination." *Ross v. Buckeye Cellulose Corp.,* 980 F.2d 648, 659 n.18 (11th Cir.1993) (quoting *Beavers v. American Cast Iron Pipe Co.,* 975 F.2d 792, 799 (11th Cir.1993)).