UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BETTY J. SEETS, for herself and
others similarly situated; MERRELL
A. ALLEN; PATRICIA F. AMANTEA;
CONNIE M. BAKER; PATRICIA A.
BELL; STACEY L. BOSWELL;
ROSEMARY BREWSTER; DELEPHINE G.
BROWN; LEONARDO D. COLEMAN;
CARLO A. BRUNORI; DEBORAH L.
CZAKO; CRAIG L. DARBY; KIM J.
DELASHMUTT; ROBERT W. DECKER;
TRACY V. FRYE; SUSAN E.
GREENTREE; IDELLA GREGORY;
BRENDA GRIFFEY; IRIS D. HARLEY;
YVONNE HAWKINS; MELISSA
HOFFMAN; KATHLEEN HORA; ANGELA
M. HILZ; THERESA M. HOWELL;
CHERI L. KASE; BARRY KEEL; JOHN
P. LAWRENCE; BARRY R. LAURENT;
LISA LAWRENCE; GORDON L. LEWIS;
CAROLYN R. LIGHT; KEVIN S. LYLE;
LISA M. MACKEY; MARY A. MASSEY;
DONNA J. MCADAMS; JOHN P.
MCGROARTY; DELIA V. MCKEE;
NANCY L. MERKLE, a/k/a Nancy L.
Masse; MICHELLE MONGELLO; DAWN
L. MILLER; TAMMY M. MORTON;
JANICE K. NEWMAN; CAROLINE
RATCLIFF; JOAN L. RHODES; EDITH G.
ROBERTSON; BONNIE A. SAGHY;
RICHARD SAGHY; BONNIE K. SCHLINE;
DEBORAH A. SCOTT; BILLIE R. SEARS;

No. 99-1838

LINDA M. SHARP; ANGELA L.
SINCLAIR; BRENDA L. SKINNER;
CAROL A. SLOMSKI; ANGELA
MURRAY-SPENCER; FRANCES SWANN;
MARTHA L. THAMES; TARA IMHOF;
MLADEN STANICIL; MORRIS JONES,
JR.; ALLAN A. WHYTE; KATHERINE V.
CIALKOWSKI; GLADYS JEANNE
HUMPHREY; VICKI M. SITAR; NANCY
L. BASSIN; LARRY S. BRANSON;
CARNELL T. WEST; LOUIS V. GERBER,
JR.; LILA SAMPSON; LINDA J. DARR;
JENNIFER GILLESPIE; RAYMOND F.
BATEMAN; SONIA L. BLONDIN; LESLIE
R. WARD; CAROL A. BUTTRUM;
THOMAS C. GAMBRILL; FELECIA J.
GASTON; BARBARA COLLINS; PATRICE
L. JOHNSON; ERIC J. LOVE; GEORGE
W. MIKE; JULIE RABBITT; GRACE M.
WATKINS; JULIA A. COOK; KYLIA A.
BOWEN; WALTER E. COOK; ETHEL
MARSTELLER; HUGH H. MILLS, JR.;
JOYCE M. ROSENBALM; JAMES R.
WELLMAN, JR.; WILLIAM J. BARGAR;
EDWARD I. FORSHT; WILLIAM A.
HOLLAND; ERNEST R. LOWMAN; KURT
A. SALIGER; MONIQUE A. JACKSON;
DEBORAH S. JOHNSON; WILLIAM H.
BEALL, JR.; KATHERINE S.
NOVAKOWSKI; MICHAEL V. NORRIS;
CRAIG A. ROBINSON; AUDDREY DIANE
HARP,
                        *Plaintiffs-Appellants,*

                  v.

ANNE ARUNDEL COUNTY,
                        *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-96-144-Y)

Argued: April 4, 2000

Decided: June 24, 2002

Before WIDENER and WILKINS, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Francis Joseph Collins, KAHN, SMITH & COLLINS,
P.A., Baltimore, Maryland, for Appellants. William Davidson Evans,
Jr., Senior Assistant County Attorney, ANNE ARUNDEL COUNTY
OFFICE OF LAW, Annapolis, Maryland, for Appellee. **ON BRIEF:**
Linda M. Schuett, County Attorney, ANNE ARUNDEL COUNTY
OFFICE OF LAW, Annapolis, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

I.

   Plaintiffs in this case are police communication operators and evi-
dence technicians for Anne Arundel County, Maryland (the County).

Plaintiffs sued the County to recover unpaid overtime compensation, wages, liquidated damages, and attorneys' fees under § 16(b) of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 216(b). We affirm the judgment for the defendant.

Plaintiffs work what is called a "6/3" schedule, which requires them to work six consecutive days followed by three consecutive days off. Each plaintiff's workday consists of 8.25 hours. Based upon the 6/3 schedule, a plaintiff's nine-week work cycle includes five workweeks of 33 hours, two workweeks of 41.25 hours, and two workweeks of 49.5 hours.

Plaintiffs are paid at a rate specified by the County's general salary schedules for their pay step and grade within their appropriate classification. In accordance with the FLSA, during the weeks in which a plaintiff's hours worked exceed 40 hours, the plaintiff is paid one and one-half times their regular rate of pay for the excess hours. 29 U.S.C. § 207(a). Additionally, although not mandated by the FLSA, the County pays the plaintiffs overtime whenever they work in excess of their regular schedules, regardless of whether those hours are in excess of 40 hours.

Prior to 1986, although the plaintiffs may have worked fewer than 40 hours per week, their positions were classified in the County Code as 40-hour positions, and they were paid a bi-weekly salary in equal installments. In 1986, in an effort to comply with the Supreme Court's interpretation of the FLSA, the County sought to place the plaintiffs on a normal 40-hour per week schedule. However, after negotiations, the County and the employees' union agreed to retain the 6/3 schedule. To implement this agreement, legislation was introduced before the Anne Arundel County Council on March 17, 1986. The March 13, 1986 Legislative Summary explained the bill to the County Council by stating:

> The primary purpose of this bill is to permit Police Communications Workers and Evidence Technicians to remain on a six-day on and three-day off workweek after April 15, 1986. It is on that date that the County becomes subject to the Fair Labor Standards Act. The bill permits the maintenance of the existing six/three schedule without any fiscal

impact by causing the designated employees to be paid on an hourly basis for actual hours worked. At the present time, those employees are paid weekly regardless of the hours they work. Although paying them for actual hours worked results in some overtime pay obligations, the final yearly payroll costs are essentially equal to those incurred at the present time.

Based on this agreement, plaintiffs were then paid on a weekly basis for the hours they worked within that work period. The city used the following method to calculate plaintiffs' weekly pay. First, a plaintiff's annual salary is divided by 2,080,[1] which result represents the regular hourly rate for that plaintiff. This regular rate is then multiplied by the number of hours worked during the relevant pay period. The result of this final calculation equals the plaintiff's weekly pay. Although under the 6/3 schedule the plaintiffs are scheduled to work only 2,002 hours per year, the County still used the 2,080 divisor to determine the weekly pay of its employees.[2]

In addition to the above calculations, in 1986 the County and the Union representing the plaintiffs, Local 2563, agreed to an addendum to the original contract between the parties. The parties implemented this addendum in an effort to bring the agreement between the County and the plaintiffs into compliance with the FLSA. The addendum was incorporated as Appendix V in all subsequent contracts between the County and the individual plaintiffs. Among other things, Appendix V guaranteed that the plaintiffs would receive, at the very least, the same annual gross wages they had received prior to the implementation of the new 6/3 schedule.

In 1992, the United States Department of Labor investigated the County's pay practices regarding the plaintiffs. Testimony at trial indicated without contradiction that after reviewing the County's pay-

---

[1]The number 2,080 is computed by multiplying a 40 hour workweek by 52, the number of weeks in a calendar year.

[2]The County's use of 2,080 as the divisor, as opposed to 2002, results in the hourly rate being a lower number. As a result, when this hourly rate is multiplied by one and one-half, for the purpose of calculating overtime pay, the rate paid for hours worked overtime will also be lower.

roll record and procedures and interviewing County employees, the Department of Labor advised the County that it found no violation of the FLSA.

Four years later, in January of 1996, plaintiffs brought an action against the County to recover unpaid overtime compensation, unpaid wages, liquidated damages, attorneys' fees, and costs under 29 U.S.C. § 216(b) of the FLSA. On April 21, 1999, the jury found in favor of the County. The district court entered a final judgment and denied the plaintiffs' motion for a new trial. Plaintiffs assert on appeal that (1) the district court erred in failing to instruct the jury on the proper method of calculating the regular rate of pay under the FLSA, (2) the district court's instruction to the jury regarding the statute of limitations was erroneous, and (3) the district court improperly instructed the jury that it must render a verdict for the defense if it should find that the plaintiffs were paid by the hour. Because we find that the County's payment scheme and procedures are valid and the district court's instructions were free from reversible error, we affirm.

II.

A.

In February 1985, the Supreme Court decided in *Garcia v. San Antonio Metro Transit Authority*, 469 U.S. 528 (1985), that state and municipal employers must comply with the wage and hour provisions of the FLSA. On November 14, 1985, Congress temporarily alleviated *Garcia*'s fiscal effect on state and municipal employers by amending the FLSA so that these employers would not be required to pay overtime under the FLSA until April 15, 1986.[3] Thus, Congress' amendments excluded city and municipal employers from complying with the overtime requirements of the FLSA and its regulations retroactively from February 19, 1985, the date of the *Garcia* decision, until April 15, 1986. See *York v. Wichita Falls*, 48 F.3d 919, 922 (5th Cir. 1995); *Knight v. Columbus*, 19 F.3d 579, 583-84 (11th Cir. 1994);

---

[3]See Fair Labor Standards Amendments of 1985, Pub.L. No. 99-150, §§ 2(c) & 6, 1985 U.S.C.C.A.N. (99 Stat.) 787, 788-89 & 791.

*Anderson v. Bristol*, 6 F.3d 1168, 1170 (6th Cir. 1993). During this grace period on April 7, 1986, the County passed its Bill No. 30-86.[4]

The FLSA requires an employee working over 40 hours in a week to be paid overtime at a rate not less than one and one-half times the regular rate of an employee's compensation. 29 U.S.C. § 207(a)(1) (1988). Under the Department of Labor's current regulations, earnings under the FLSA may be expressed in a salary basis in an employment contract; however, overtime compensation must still be calculated based upon the hourly rate derived from this salary. 29 C.F.R. § 778.109 (2001). The hourly rate of an employee is determined by dividing the employee's total remuneration for employment by the total number of hours actually worked. 29 C.F.R. §§ 553.233; 778.109.

## B.

Plaintiffs first argue that the district court erred in failing to instruct the jury on the proper method of calculating the regular rate of pay under the FLSA. In reviewing a district court's jury instructions, we must keep in mind that a "district judge has broad discretion in framing his jury instructions. If the instructions correctly state the law and adequately cover the issues in the case, the charge is sufficient." *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1164 (4th Cir. 1986). We examine the district court's instructions to determine whether, when "construed as a whole, and in light of the whole record, [the instructions] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir. 1987).

Plaintiffs assert that the proper calculation of the regular rate is essential in order to determine what one and one-half times that regular rate is for the purposes of overtime, and to determine whether the County violated the FLSA by underpaying the plaintiffs. Plaintiffs

---

[4]The bill was subsequently approved and enacted into law on April 14, 1986. The bill's enactment was prior to the April 15, 1986 date at which time the FLSA and Department of Labor regulations became applicable to the County.

argue that the regular rate must be calculated by dividing the annual salary that each plaintiff is scheduled to make by 2,002, the number of hours each plaintiff is to work. Plaintiffs do not contend that the County refused to pay one and one-half times the regular rate determined by the County, rather, they contend that the rate used by the County was incorrectly calculated, and thus, the one and one-half time figure is lower than if their annual salary had been divided by 2,002 hours.

Plaintiffs appeal the district court's refusal to instruct the jury on the proper calculation of the regular rate as established by the regulations provided for the FLSA. See 29 C.F.R. §§ 778.100-.118. The necessity of such an instruction depends on whether the County's calculation of the plaintiffs' regular rate was invalid under the FLSA. If the County's calculation of the regular rate was not an error, then no such instruction would be necessary.

Although we have not had the occasion to address the specific issue of proper calculation of a regular rate under the FLSA, other circuits have. The Fifth, Sixth, and Eleventh Circuit Courts of Appeals have all addressed issues nearly identical to this one. See *York*, 48 F.3d at 922 (5th Cir. 1995); *Anderson*, 6 F.3d 1168 (6th Cir. 1993); *Wethington v. Montgomery*, 935 F.2d 222 (11th Cir. 1991). Each of these cases involved firefighters whose payment plans were altered in an effort to bring their employers into compliance with the FLSA. In each case, the employer calculated, and lowered, the firefighters' regular rate of pay using fictitious amounts of hours that the firefighters were to work. In each of these decisions, the court found that the new payment scheme was valid under the FLSA. For the reasons discussed below, we are in agreement with the analysis of these cases and find that an instruction on how to calculate the regular rate under the current regulations was unnecessary because the rate used by the County does not violate the FLSA.[5]

---

[5]The dispute as to whether the regular rate was appropriately calculated under the *current* Department of Labor regulations may depend on whether the plaintiffs were salaried or hourly employees. Although the March 13, 1986 Legislative Summary clearly indicates the intent to maintain the 6/3 schedule without any fiscal impact by causing the desig-

Plaintiffs argue that the County's calculation of the regular rate utilizing the fictitious 2,080 hour total violates 29 C.F.R. §§ 553.233, 778.113. This argument, however, "blurs the difference between the [County's] initial calculation of the regular hourly rate and the ongoing calculation of the regular rate." *Wethington*, 935 F.2d at 227. Assuming the plaintiffs are salaried employees, it may even be that the County violated the current Department of Labor regulations by using a fictitious number of hours to calculate the plaintiffs' regular rate — namely the 2,080 hour figure. In other words, if the FLSA and Department of Labor regulations had applied at the time the County was paying the plaintiffs under the old salary system, the FLSA would have required the County to calculate the regular rate using the pay rate and hours worked under that system as mandated by 29 C.F.R. § 778.113(b). See *Wethington*, 935 F.2d at 227. The County would have been required to calculate the regular rate based on the plaintiffs actual hours, 2,002, rather than the fictitious 2,080 hour figure the County used. Moreover, had the FLSA applied at that time and mandated using the 2,002 hour figure, the properly calculated regular rate would have been higher than that currently used by the County.

This case, however, like that in *Wethington*, "does not present an issue of whether the Act barred the calculation of the regular rate based on artificial hours, because here Congress delayed application of the FLSA until April 15, 1986." *Wethington*, 935 F.2d at 228. Thus, at the time the County and the plaintiffs agreed to retain the 6/3 schedule and began calculating the regular rate of pay for the plaintiffs, and at the time the County passed and enacted Bill 30-86, the County was not bound by the requirements of the Department of Labor's regulations. As such, we agree with the Eleventh Circuit that "because the calculation occurred prior to the Act's effective date, the [plaintiffs] cannot argue that the Act governs those calculations."

---

nated employees to be paid on an hourly basis, we express no opinion as to whether it effectively does so. As our opinion makes clear, the Act and the regulations did not apply to the County at the time it adopted the policy of paying employees a specific rate for the hours they worked during the current week, plus one and one-half times that amount for overtime hours.

*Wethington*, 935 F.2d at 228. See also *York*, 48 F.3d at 922 ("FLSA and accompanying regulations did not apply to [City] in May of 1985 when the City calculated the plaintiffs' 'regular rates' and began using its adjusted pay system.").

Applying relevant case law, we find no authority to support the plaintiffs' assertion that an otherwise valid payment system violates the FLSA merely because the employees' regular rate of pay was calculated prior to the applicability of the FLSA and its regulations. Indeed, other circuits have concluded that calculating the regular rate in a way which might violate the current regulations of the FLSA does not invalidate an otherwise valid payment system. See, e.g., *York*, 48 F.3d at 922; *Anderson*, 6 F.3d at 1173-74; *Wethington*, 935 F.2d at 228.[6]

In conclusion, prior to the FLSA's applicability, nothing prohibited the reduction of a regular rate using fictitious hours. We are of opinion that the County's method of lowering the plaintiffs' regular rate does not violate the FLSA. As the Supreme Court held in *Walling v. A. H. Belo Corp.*, 316 U.S. 624, 630 (1942), "nothing in the Act bars an employer from contracting with his employees to pay them the same wages that they received previously, so long as the new rate equals or exceeds the minimum required by the Act." There is no question of minimum wage in this case. The *Walling* contract was the same type of contract that exists in this case which was agreed to by the Union and the County. As such, we are of opinion that the County did not violate the FLSA or the Department of Labor regulations, which did not take effect until April, 15 1986, and we hold that the district court did not err in failing to instruct the jury on the proper

---

[6]Adding considerable support to our conclusion is the fact that in 1992, the United States Department of Labor investigated the County's pay practices regarding the plaintiffs. Although the actual report is not contained in the record, unrefuted testimony at trial indicated that after reviewing the County's payroll procedure, and interviewing County employees, the Compliance Officer advised the County that it found no violation of the FLSA. This report should be entitled to considerable weight.

calculation of the regular rate under these regulations because such an instruction was unnecessary.[7]

### C.

Plaintiffs also argue that the district court erred by instructing the jury on the issue of whether the plaintiffs' claim was barred by the applicable statute of limitations. More specifically, plaintiffs argue that by continuing to pay overtime based on the regular rate calculated using the 2,080 hour figure, the County committed a continuing violation of the FLSA, causing a new cause of action to accrue with each paycheck. We cannot agree.

The district court instructed the jury that:

> If you find that the County has actually paid the plaintiffs based on an hourly rate of pay and has paid them one and one-half times their regular rate of pay during the applicable limitations period, then you would . . . [return] a verdict in favor of the County. If you find the violation claimed by the plaintiffs occurred prior to the applicable limitations period, and the County has not altered its method of payment to the plaintiffs during the limitations period, you would then return a verdict for the County.

We are of opinion that this instruction properly states the relevant law.

---

[7]We are confident that our holding is equitable and fair for all parties in this case. This conclusion is supported by the fact that under the agreement between the plaintiffs and the County, the plaintiffs are paid overtime at a rate of one and one-half times their hourly rate for working hours in excess of those they are regularly scheduled to work. The plaintiffs receive this overtime rate regardless of whether these unscheduled hours exceed 40 hours during the workweek. Further, pursuant to Appendix V of the plaintiffs' contract, the plaintiffs are guaranteed to receive, at the very least, the same annual gross wages they received prior to the new 6/3 schedule. Thus, if the plaintiffs' gross earnings are less than that listed on the general salary schedule for their appropriate grade and step, the plaintiffs are paid the difference at the end of the year.

In our previous discussion, we have demonstrated that the County's payment system does not violate the FLSA. For these same reasons, the plaintiffs' continuing violation argument is inapplicable to the present case. To hold otherwise would require this court to find that the County's payment system, which was lawful when enacted on April 14, 1986, became unlawful after April 15, 1986. As stated by the Fifth Circuit, "[f]or there to be a continuing violation, there must be at least a violation." *York*, 48 F.3d at 922. Here, no violation occurred. The hourly system that the County has used since 1986 meets the requirements of the FLSA — the plaintiffs are paid a specified rate per hour for regular hours that they actually work, and one and one-half times that amount for any overtime. As such, plaintiffs' continuing violation argument must fail.[8]

### D.

Lastly, plaintiffs argue that the district court erred by instructing the jury that if the plaintiffs were paid hourly they must return a verdict for the County. Plaintiffs do not contest that this instruction is a correct statement of the law. Rather, plaintiffs assert that the district court failed to define what the regular rate of pay was and that there was insufficient evidence to warrant giving the instruction. Because we find that the regular rate instruction was unnecessary, the district court's instruction accurately states the relevant law, and the instruction would not have misled the jury, we are of opinion that the district court did not err in giving this instruction.

The judgment of the district court is accordingly

*AFFIRMED.*

---

[8]Our conclusion is again supported by the Department of Labor's 1992 finding that the County's pay practices did not violate the FLSA.