[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11879
Non-Argument Calendar
_____

D. C. Docket No. 04-00142-CV-CO-W

GLEN L. EATON,

Plaintiff-Appellant,

versus

MICHAEL J. KEITH, former Resident in Charge
Raleigh Fraud Resident Agency,
Major Procurement Fraud Unit, 701st Military
Police Group,
THOMAS G. WILKIN, II, Former Special Agent in
Charge, Raleigh Fraud Resident Agency, Major
Procurement Fraud Unit, 701st Military Police
Group,
ROGER D. WHATLEY, Former Facility Engineer, Ft.
Bragg SOTF,
GREGORY W. VANAGEL, Former Assistant District
Counsel, Savannah,
LUCY J. HUGHES, Former Contracting Officer &
Chief, Contracting Section, Savannah, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**November 16, 2005)**

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Glen Eaton, proceeding pro se, appeals the district court's grant of summary judgment in his civil rights action, brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).  The district court properly dismissed the complaint because the complaint was untimely and Eaton was not entitled to equitable tolling.  Therefore, we affirm.


I.  Background

Eaton filed a pro se Bivens complaint against Michael Keith, former agent in charge of the Major Procurement Fraud Unit for the 701st Military Police Group, Thomas Wilkin, a former agent in the fraud unit for the 701st Military Police Group, Roger Whatley, a former facility engineer at Fort Bragg, Gregory Vanagel, a former assistant district attorney in Savannah, Lucy Hughes, former contracting officer and chief in the contracting section in Savannah, Christian Wenk, a former

2

engineer at Fort Bragg, Allan Hand, former supervising civil engineer at Fort Bragg, Michael Smith, a contractor, Nathaniel Hermann, a former civil engineer at Fort Bragg, and Robert Peterson, a former engineer at Fort Bragg, in their individual capacities. Eaton filed his complaint in January 2004 in the United States District Court for the Northern District of Alabama. In his amended complaint in March 2004, Eaton alleged that the defendants violated his Fifth Amendment right to due process when they individually and as part of a conspiracy acted to blacklist him from receiving governmental contracts, causing his contracting business to file for bankruptcy. Eaton identified four contracts, all of which involved governmental buildings in North Carolina, that served as the basis for false allegations against him. Eaton alleged that the defendants used falsified documents to initiate a criminal investigation into his business and urged other contractors to blacklist him even though the criminal allegations were not proved. He claimed that the defendants fraudulently concealed facts from him that influenced his awareness of any cause of action. Eaton requested $1,929,989 in damages.

The defendants moved to dismiss the complaint, or alternatively for summary judgment, asserting that (a) the complaint was barred by the statute of limitations; (b) venue was improper; (c) Eaton failed to state a claim; and (d) they

3

were entitled to qualified immunity. The defendants asserted that Eaton's complaint was untimely because the acts complained of occurred in the late 1990s, making them outside both Alabama's and North Carolina's statutes of limitation, and because Eaton knew of the alleged injury by March 2000 when he filed three complaints with the Armed Services Board of Contract Appeals ("ASBCA"), consequently destroying his equitable tolling and fraudulent concealment arguments.

Applying Alabama's two-year statute of limitations, the defendants argued in their motion that Eaton's complaint, filed in 2004, was barred. They further alleged that the continuing violation did not render the complaint timely. Eaton acknowledged that the complaint was untimely, but he asserted that the defendants' actions were a continuing violation, which rendered his complaint timely. Alternatively, Eaton argued that equitable tolling, equitable estoppel, and the defendants' fraudulent concealment all tolled the statute of limitations.

Without waiting the ten days as required under Federal Rule of Civil Procedure 56(c), the magistrate judge recommended that the court grant summary judgment. The magistrate judge found that North Carolina law applied and used North Carolina's three year statute of limitations. The magistrate judge determined that the limitations period expired in 2003 because Eaton knew or should have

4

known of the injury when he filed his complaints with the ASBCA in 2000. The magistrate further noted that Eaton included his claims of fraud and conspiracy in the ASBCA complaints, and he held that Eaton's awareness of the fraud and conspiracy negated his claims of tolling based on fraudulent concealment. Finally, the magistrate judge noted that neither the continuing violation doctrine nor equitable tolling applied in these circumstances. The magistrate made additional findings, all of which were adverse to Eaton, regarding the defendants' other bases for dismissal or summary judgment.

Following the magistrate's recommendations, Eaton argued that he was entitled to discovery before the court dismissed his complaint. He also reasserted that he suffered a continuing violation, and he stated that he had been challenging the defendants' conduct since 2000. He also argued that, contrary to the magistrate's findings, he had shown that the defendants' fraudulent concealment prevented him from discovering the wrongful act on which his complaint was based. He argued that his cause of action would not accrue until the defendants' misrepresentations ceased, and because he remained blacklisted, his complaint was timely. Finally, he asserted that the court should apply equitable tolling or equitable estoppel.

The district court adopted the magistrate judge's recommendation, finding

that discovery was unnecessary, and granted summary judgment.

## II.  Standard of Review

This court reviews de novo a district court's decision concerning the applicable statute of limitations and the tolling of that limitations period.  Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999).

## III.  Discussion

Eaton conceded in the district court and concedes on appeal that he should have filed his complaint by March 2003 absent other circumstances.  Nevertheless, Eaton still argues that his March 2004 complaint was timely and that the district court erred in dismissing his complaint.  He contends that the court erroneously used the "last overt act" standard to determine when the statute of limitations period began.  He asserts that he suffered a continuing violation based on the on-going blacklisting.  Furthermore, he claims that the appellees' actions of fraudulent concealment tolled the statute of limitations.  Alternatively, he argues that equitable tolling applies because he has diligently pursued his claims since the acts complained of occurred and his inability to obtain relief was beyond his control.

The appellees respond that, under North Carolina's three-year statute of limitations, Eaton's complaint was untimely.  They assert that the limitations period began when Eaton knew or should have known about his alleged injury;

6

they argue that Eaton's ASBCA complaints show that he knew about the alleged injury no later than March 2000. Furthermore, they argue that Eaton cannot show that equitable tolling applies because he does not have evidence of a continuing violation or fraudulent concealment. They reject Eaton's claim of fraudulent concealment because Eaton knew about the alleged misconduct by March 2000 at the latest. Finally, the appellees contend that Eaton cannot resurrect his untimely claims by asserting an on-going conspiracy, and they emphasize that Eaton has neither tried to obtain nor been denied a governmental contract since the alleged violations.

Because Congress has never provided a limitations period for <u>Bivens</u> actions, a federal court borrows the applicable limitations period and tolling rules from the forum state. <u>Hawthorne v. Wells</u>, 761 F.2d 1514, 1515 n.7 (11th Cir. 1985). Federal law, however, governs the time of accrual for a cause of action and states that an action accrues when the plaintiff knew or should have known of his injury. <u>Everett v. Conn County Sch. Dist.</u>, 138 F.3d 1407, 1410 (11th Cir. 1998); <u>White v. Mercury Marine Div. of Brunswick, Inc.</u>, 129 F.3d 1428, 1435 (11th Cir. 1997).

The district court applied the three-year limitations period for personal injury actions in North Carolina and determined that the complaint was untimely.

The court likely should have applied Alabama's two-year limitations period, but the mistake is immaterial. Eaton concedes that, absent some exception, he had to file his complaint by 2003. In fact, he filed his complaint in 2004. The court applied the proper standard to determine when the statute of limitations began; consequently, his claim was untimely under either North Carolina or Alabama law. Therefore, we look to determine whether any of the exceptions applies.

A. Continuing Violation

First, Eaton asserts that the appellees' actions constituted a continuing violation of his federally protected rights. "The critical distinction in continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of a violation into the present, which does." Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003) (quoting Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994)). When the plaintiff proves a continuing violation, the plaintiff may "recover for any violations for which the statute of limitations has not expired." Knight, 19 F.3d at 581. Past discrimination that continues to affect the plaintiff's pay and benefits does not constitute a continuing violation. Id. at 580.

Here, Eaton cannot prove a continuing violation. Eaton has not alleged that he sought and was denied any additional governmental contracts after the ones he

discussed in his complaint. Instead, he merely alleges that the appellees have blacklisted him. This allegation is insufficient to show a continuing violation. Even if we found a continuing violation, Eaton could recover only for those violations that occurred after the limitations period expired, and he neither alleged nor proffered any facts to show a violation after either 2002 or 2003, the times at which the Alabama and North Carolina statutes of limitation expired.

B. Fraudulent Concealment

Next, Eaton asserts that the appellees engaged in fraudulent concealment that prevented him from discovering the alleged violations within the limitations period. "When the fraud goes undiscovered because the defendant has taken positive steps after the commission of the fraud to keep it concealed, then the statute of limitations is tolled until the plaintiff actually discovers the fraud. 'Fraudulent concealment must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action.'" In re Int'l Admin. Servs., Inc., 408 F.3d 689, 701 (11th Cir. 2005) (citations omitted).

Eaton admits in his filings in this court and in the district court that he knew of the allegedly fraudulent investigations by the appellees in 2000. Eaton cannot show that the appellees' alleged concealment prevented him from discovering his cause of action. Therefore, because Eaton cannot establish fraudulent

9

concealment, we will not toll the statute of limitations.

C. Equitable Tolling

Finally, Eaton argues that equitable tolling applies to his claims. If "equitable tolling" applies to a plaintiff's claim, the plaintiff "may sue after the statutory time period has expired if [he has] been prevented from doing so due to inequitable circumstances." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998).

Here, Eaton has failed to establish facts that justify our applying the doctrine of equitable tolling. His pursuit of claims before the ASBCA and under the FTCA without success do not constitute inequitable circumstances. Consequently, the district court properly held that equitable tolling did not apply and the complaint was untimely.

IV. Conclusion

Because the statute of limitations issue is dispositive, we need not address the district court's other alleged errors, including whether the district court should have waited the ten days required by Rule 56(c) before granting summary judgment. For the foregoing reasons, we AFFIRM.