**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-14515

Non-Argument Calendar

_____

TYRONE WILLIAM HOLLAND,

*Plaintiff-Appellant,*

*versus*

GOVERNOR OF THE STATE OF GEORGIA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-00502-MLB

_____

Before LUCK, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Tyrone Holland, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action under 28 U.S.C. § 1915(e)(2)(B)(ii) for seeking time-barred relief and thus failing to

state a claim. Holland argues that the statute of limitations does not bar his constitutional due process challenge to Georgia's sex offender registry statute, O.C.G.A. § 42-1-12(e)(3), because that statute continues to injure him. After careful review, we affirm the district court.

## I.

Section 42-1-12 of the Code of Georgia first required Holland to register as a sex offender in 2015. *See* O.C.G.A. § 42-1-12(e)(3) (2015). Holland filed this 42 U.S.C. § 1983 action challenging the constitutionality of section 42-1-12(e)(3) in 2025. He alleges that section 42-1-12(e)(3) violates his due process right to fair notice under the Fourteenth Amendment. The district court *sua sponte* dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for being time-barred and thus failing to state a claim. Holland appealed.

After Holland filed his initial brief, he filed for leave to amend and to file a supplemental brief. We grant both motions and consider Holland's new briefs.

## II.

We review *de novo* a district court's *sua sponte* dismissal for failure to state a claim, viewing the allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003). We also review *de novo* a district court's "interpretation and application of a statute of limitations." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

The only issue before us is whether Holland's section 1983 claim is timely. We answer that question "injury-by-injury and claim-by-claim" through a two-step analysis. *Doe ex rel. Doe #6 v. Swearingen*, 51 F.4th 1295, 1306 (11th Cir. 2022). First, we identify the alleged injuries and determine when Holland could have sued for them. *Id.* Second, we determine whether the statutes of limitations for those claims ran before Holland filed and, if so, whether the continuing violation doctrine saves his otherwise time-barred claims. *Id.*

*A.*

We start by identifying which injuries Holland describes in his complaint and when Holland could have sued for them. His complaint alleges reputational injuries from being "req[uired] to register as a sex offender" in violation of the Due Process Clause of the Fourteenth Amendment. Doc. 2 at 5. A plaintiff who alleges reputational harms from being made to register without due process fails to state a claim under section 1983 unless those harms are connected to "denial[s] of a right or status." *See Smith ex rel. Smith v. Siegelman*, 322 F.3d 1290, 1296–97 (11th Cir. 2003). But we assume that Holland alleged an actionable injury for our timeliness analysis.

Federal law determines when his cause of action for this harm accrued and when the statute of limitations began to run. *See Nance v. Comm'r, Ga. Dep't of Corr.*, 59 F.4th 1149, 1153 (11th Cir. 2023). Because Holland asserts a constitutional challenge to O.C.G.A. § 42-1-12(e)(3), the statute of limitations began to run

when Holland was injured. *See Swearingen*, 51 F.4th at 1304 (explaining that "[t]he statute of limitations for a constitutional challenge to a statute is triggered by injury"). Holland's complaint alleges that section 42-1-12(e)(3) injured his reputation in "2015" when he was unconstitutionally "[required] to register as a sex offender." Doc. 2 at 4–5; *see also Swearingen*, 51 F.4th at 1304 (explaining that injuries from statutes ordinarily occur when they are applied). Because Holland alleges that section 42-1-12(e)(3) injured him in 2015, Holland's cause of action to redress his reputational harm accrued in 2015.

Holland's complaint does not allege separate statutory violations after 2015 that gave rise to discrete injuries and new causes of action, so his 2015 injuries started the relevant statute of limitations. When discrete violations give rise to "new cause[s] of action," each violation "begins a new statute of limitations period as to that particular event." *Knight v. Columbus*, 19 F.3d 579, 582 (11th Cir. 1994). So if Holland's complaint had alleged discrete injuries from new registrations within the last two years, he might have pleaded a timely claim about those injuries. *See Swearingen*, 51 F.4th at 1309 (citing *Knight*, 19 F.3d at 582). But his complaint instead alleges that his injuries stem from "being illegally [required] to register as a sex offender" in "2015." Doc. 2 at 4–5. Consistent with that pleading, Holland's briefs frame the "ongoing enforcement" of O.C.G.A. § 42-1-12(e)(3) as a "[c]ontinuing [v]iolation" of his rights, not as a series of "discrete acts." Amended Appellant Br. at 10. Because Holland traces his reputational injuries to 2015, his sole cause of action accrued in 2015.

*B.*

We turn to whether the statute of limitations ran before Holland filed his current challenge and, if so, whether the continuing violation doctrine saves it.

First, the statute of limitations for Holland's challenge ran before he filed suit because a two-year statute of limitations applies to his claim. Holland brought his claim under 42 U.S.C. § 1983, so the statute of limitations for personal injury actions in the state where he filed suit applies. *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017). Georgia, where Holland filed suit, applies a two-year statute of limitations to personal injury actions. O.C.G.A. § 9-3-33. Holland filed suit in 2025, about ten years after his cause of action accrued, so the two-year statute of limitations ran long before he brought his challenge.

Second, the continuing violation doctrine does not save Holland's time-barred claim. Although he alleges continuing injuries, he should have known to file his suit in 2015.

Holland's complaint alleges continuing injuries under the continuing violation doctrine. That equitable doctrine permits a plaintiff to bring an otherwise time-barred claim if the "defendant's actions violate a plaintiff's rights on a repeated or ongoing basis." *Swearingen*, 51 F.4th at 1305. We've treated reputational injuries from sex offender registry statutes as continuing violations when those statutes impose a "continuing duty to update . . . information under threat of prosecution." *Id.* at 1308. Because section 42-1-12

imposes such a duty, *see* O.C.G.A. § 42-1-12(n), Holland's complaint alleges continuing reputational injuries.

But Holland's section 1983 claim does not qualify for the continuing violation doctrine because Holland should have known to file suit in 2015. If an event "should have alerted a reasonable person to act to assert his rights at the time of the violation," a victim "cannot later rely on the continuing violation doctrine" because it is "equitable in nature." *Swearingen*, 51 F.4th at 1308 (citation modified). Holland should have known to assert his constitutional challenge to section 42-1-12(e)(3) when that section required him to register as a sex offender in 2015. He alleged that the statute injured his reputation at that time. And, unlike plaintiffs who qualify for the continuing violation doctrine, he gave no explanation for waiting years after that injury to file suit. *Cf. id.* at 1308 (holding that the continuing violation doctrine saved plaintiffs' claims because they provided an "adequate justification" for "waiting to bring the[m]").

Because Holland filed suit after the statute of limitations for his section 1983 claim ran and does not qualify for the continuing violation doctrine, his claim is time-barred.

### III.

We **AFFIRM** the dismissal of Holland's case under 28 U.S.C. § 1915(e)(2)(B)(ii).