E.L. HENDRIX, et al.,
Plaintiffs–Appellants,

v.

The CITY OF YAZOO CITY, MISSIS-
SIPPI, Defendant–Appellee.

No. 89–4867.

United States Court of Appeals,
Fifth Circuit.

Sept. 17, 1990.

See also, D.C., 744 F.Supp. 1412.

Elizabeth L. Gilchrist, Jackson, Miss., for plaintiffs-appellants.

Gary E. Friedman, Susan D. Fahey, Miller, Milam & Moeller, Jackson, Miss., for defendant-appellee.

Before GEE, RUBIN, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A group of municipal firefighters brought suit for a discriminatory reduction in pay more than three years after the reduction took effect. They appeal from the dismissal of their complaint as barred by the three-year statute of limitations, contending that the alleged violation of law was continuing, and that the statute bars only their collecting damages for more than three years. We affirm the district court's judgment on the ground that the alleged discriminatory act was not a "continuing violation."

I.

In *Garcia v. San Antonio Metropolitan Transit Authority*,[1] the Supreme Court held that municipalities were subject to the federal Fair Labor Standards Act (FLSA),[2] including its minimum wage and overtime provisions.[3] Congress responded to *Gar-*

1. 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985).

2. 29 U.S.C. § 201 *et seq.* (1988).

3. *See Id.* at § 207.

*cia* by amending the FLSA to make special provisions for, *inter alia,* the work schedules and overtime pay of municipal firefighters and police forces.[4] These amendments delayed the application of the FLSA for a year to permit municipal governments to adjust to the changes in their fiscal needs, but also provided that, in the interim, any reductions in pay or other adverse changes in working conditions in response to an assertion of coverage under the FLSA would constitute discrimination under the statute.[5] This antidiscrimination provision was in effect from February 19, 1985 to August 1, 1986.

On April 15, 1986, the City of Yazoo City unilaterally reduced the base salary of its firefighters. Three years and one month later, May 15, 1989, 21 current and former employees sued the city, alleging that the reductions were made in anticipation of increased payroll costs resulting from the application to it of the 1985 FLSA amendments. On motion by the defendants, the district court dismissed the complaint as barred by the FLSA's three-year statute of limitations for willful violations.[6]

On this appeal from a dismissal of a complaint, we assume all of the plaintiffs' factual allegations to be correct. The issue, therefore, is whether this reduction in pay was a single act of discrimination under the FLSA, hence barred by its three year statute of limitations, or whether the reduction effected in each subsequent paycheck constitutes a violation of the Act, thus making the complaint timely, at least in part.

In addition, the City claims that, because the notice of appeal was filed on behalf of "E.L. Hendrix, et al.," it is insufficient as a notice of appeal on behalf of Hendrix's co-plaintiffs. The issue is jurisdictional as to all of the plaintiffs but Hendrix, and we conclude that we are foreclosed from considering their appeals.[7] In any event, we agree with the district court that the complaint is time-barred, so the failure of counsel to preserve jurisdiction of the appeal occasions no harm to her clients.

## II.

The distinction between single statutory violations and continuing violations is as much a matter of perspective and history as logic. Nevertheless, the caselaw has evolved certain analytical tools to distinguish between the two types of violations, and it is to these that we first turn.

■ As the district court noted, the continuing violation doctrine embraces two types of cases. The first includes cases in which the original violation occurred outside the statute of limitations, but is closely related to other violations that are not time-barred. In such cases, recovery may be had for all violations, on the theory that they are part of one, continuing violation.[8]

■ The second type of continuing violation is one in which an initial violation, outside the statute of limitations, is repeated later; in this case, each violation begins the limitations period anew, and recovery may be had for at least those violations that occurred within the period of limitations.[9]

The continuing violation doctrine has often been applied in sex discrimination cases under Title VII, in which it has been held that the discriminatory amounts paid in each paycheck constitute a renewed violation of the statute.[10] A similar analysis

---

**4.** Pub.L. No. 99–150, 99 Stat. 791, codified at scattered sections of 29 U.S.C. (1988).

**5.** *Id.* at § 8, codified at 29 U.S.C. § 215 note; *see id.* § 215(a)(3).

**6.** *Id.* § 255(a).

**7.** *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); Fed.R.Civ.P. 3(c).

**8.** *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982); *Glass v.*

*Petro–Tex Chemical Corp,* 757 F.2d 1554 (5th Cir.1985); *Berry v. Board of Supervisors,* 715 F.2d 971 (5th Cir.1983).

**9.** *Jackson v. Galan,* 868 F.2d 165 (5th Cir.1989); *Perez v. Laredo Junior College,* 706 F.2d 731 (5th Cir.1983).

**10.** *Corning Glassware v. Brennan,* 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *see Hall v. Ledex, Inc.,* 669 F.2d 397, 398 (6th Cir.1982); *Jenkins v. Home Ins. Co.,* 635 F.2d 310, 312 (4th

has been applied by this circuit in FLSA cases, most recently in *Halferty v. Pulse Drug Co.,*[11] which held that the employee could recover for overtime hours worked dating back to the beginning of the statute of limitations period, even though she was originally hired, and her terms of employment set, outside of the statute of limitations.[12]

In contrast, a line of cases running from *United Air Lines v. Evans,*[13] decided in 1977, to *Lorance v. AT & T Technologies,*[14] decided in 1989, have held that, if the discrimination alleged is solely the result of a single violation that occurred outside the statute of limitations, the later effect of this act does not constitute a continuing violation of the statute. In *Evans,* a flight attendant who had been discriminatorily discharged was later rehired by the airline without seniority credit for her previous tenure. The Supreme Court held that no present violation existed, stating that "a challenge to a neutral system may not be predicated on the mere fact that a past event which has no present legal significance has affected the calculation of seniority credit, even if the past event might at one time have justified a valid claim against the employer." [15]

Similarly, in *Delaware State College v. Ricks,*[16] the Court held that an allegedly discriminatory denial of tenure, rather than the subsequent nondiscriminatory termination of employment one year later, was the triggering event for purposes of the statute of limitations.[17] And most recently, the *Lorance* Court held that the discriminatory adoption of a facially neutral seniority system was a single violation triggering the statute of limitations, rather than a continuing violation renewed with each paycheck.[18]

■ Hendrix contends that the district court placed too much emphasis on *Evans* and *Lorance,* which dealt with seniority systems under Title VII, rather than on the *Halferty* line of FLSA cases. This argument is unpersuasive. As *Lorance* makes clear, the distinction does not turn on the type of discrimination, but on whether the practice at issue is part of, or a repetition of, a past discriminatory act, in which case there is a continuing violation, or whether it is facially neutral, simply giving effect to prior discrimination, in which case there is no continuing violation.

When the actual violation occurred may sometimes be at issue, but even the cases that have considered this factor do not support Hendrix's argument. For example, in *Berry v. Board of Supervisors,*[19] this circuit adopted a multifactor test to determine the actual date of a discriminatory act; the key to this inquiry is whether the original discriminatory act had "the degree of permanence that should trigger an employee's awareness of and duty to assert his or her rights." [20] And in *Glass v. Petro–Tex,*[21] this court reaffirmed *Berry*'s approach, emphasizing that, while a series of discrete acts only later recognizable as part of a general discriminatory pattern could properly be considered a continuing violation, challenges to facially neutral systems based solely on past events were time-barred unless brought within the statute of limitations for the original discriminatory act.[22]

Cir.1980); *Satz v. ITT Financial Corp.,* 619 F.2d 738 (8th Cir.1980).

11. 821 F.2d 261 (5th Cir.1987); *see also Hodgson v. Behrens Drug Co.,* 475 F.2d 1041 (5th Cir. 1973).

12. 821 F.2d at 270–71.

13. 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

14. 490 U.S. ——, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989).

15. 431 U.S. at 560, 97 S.Ct. at 1890.

16. 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

17. 449 U.S. at 258, 101 S.Ct. at 504.

18. 490 U.S. at —— ——, ——, 109 S.Ct. at 2266–67, 2268–69.

19. 715 F.2d 971 (5th Cir.1983).

20. *Id.* at 981.

21. 757 F.2d 1554 (5th Cir.1985).

22. *Id.* at 1560–61.

Here, the firefighters were fully aware of the City's reduction in their base rate of pay when they received their April 15, 1986, paychecks. The reduction in pay was itself the violation; subsequent pay packets simply gave it continuing effect in a facially neutral manner. We therefore hold that there was no continuing violation that would permit the firefighters to maintain their suit against the City under the anti-discrimination provision of the 1985 FLSA amendments.

For the reasons stated, the judgment of the district court is AFFIRMED.