Lawrence HALIBURTON, et al., Appellants,

v.

CITY OF SAN ANTONIO, Appellee.

No. 04–97–00874–CV.

Court of Appeals of Texas, San Antonio.

June 3, 1998.

Rehearing Overruled June 26, 1998.

Scott Roberts, San Antonio, Stanley Bernstein, LeGrand & Bernstein, San Antonio, for Appellants.

William M. McKamie, Patrick C. Bernal, Regina Bacon Criswell, Denton, McKamie & Navarro, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

### INTRODUCTION

This is a consolidated appeal from a summary judgment in favor of appellee, the City of San Antonio. Appellants, Lawrence Haliburton and other employees of the San Antonio Police Department (the police officers), argue that the trial court erred in holding that their claims were barred, as a matter of law, by the statute of limitations. We agree with the officers and reverse the trial court's judgment.

### FACTS AND PROCEDURAL HISTORY

The Fire Fighters' and Police Officers' Civil Service Act, contained in Chapter 143 of the Texas Local Government Code, requires that municipal police officers be compensated for temporarily and substantially performing the duties of higher-ranked employees. TEX. LOC. GOV'T CODE ANN. § 143.038 (Vernon 1988); *see Mokwa v. City of Houston,* 741 S.W.2d 142, 148 (Tex.App.—Houston [1st Dist.] 1987, writ denied).

In 1992, the San Antonio Police Officer's Association filed suit against the City of San Antonio, claiming, in part, that some members had been performing the duties of higher-classified officers without a commensurate raise in pay. Individual San Antonio police officers intervened in and were eventually

severed from the original suit, their claims divided among three separate lawsuits.[1]

The City filed a motion for summary judgment, claiming, inter alia, that the officers' claims were barred by the statute of limitations. The City claimed that the statute of limitations began running from the date on which the City formulated a policy under which the officers were classified and received their pay. According to the City, such a policy was formulated at least twenty-five years prior to the lawsuit. The officers, on the other hand, characterized their claims as "continuing violations" rather than one-time violations. They contended that each pay check that did not contain the additional required pay constituted a separate violation that triggered the statute of limitations.

The trial judge granted the City's motion for summary judgment solely on the issue of the statute of limitations. Thus, limitations is the only issue properly before this court on appeal. The officers raise limitations issues in three points of error, claiming that the trial court erred in granting summary judgment and that the trial court erred in denying their counter-motion for summary judgment on the issue of the tolling of the statute of limitations. Because we find that the City failed to establish that it acted pursuant to an identifiable policy that was established at a discrete and identifiable point in time, summary judgment was inappropriate.

## STANDARD OF REVIEW

■ To obtain summary judgment on the basis of an affirmative defense, a defendant must conclusively prove each element of that defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Because we accept all of the plaintiffs' allegations as true, we must decide whether the City has established that those allegations are excluded by the statute of limitations. *See Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 867 (Tex.App.—San Antonio 1997, n.w.h.). The City must conclusively establish when the action accrued and that the action is time-barred. *Id.* Ultimately, in this case, whether the plaintiffs are barred by limitations will turn on whether the City's

alleged failure to compensate officers when they performed higher-level duties was a single violation or whether each failure to fully compensate the officers constituted a separate violation. *Hendrix v. City of Yazoo City, Mississippi*, 911 F.2d 1102, 1103 (5th Cir.1990).

## POINTS OF ERROR ONE AND TWO: STATUTE OF LIMITATIONS

The parties agree that the applicable statute of limitations is four years. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986) (four-year limitations period governs claims to collect debts). The parties also agree that we can resolve this case by looking to the analogous law surrounding the federal Fair Labor Standards Act (FLSA). *See Halferty v. Pulse Drug Co.*, 821 F.2d 261 (5th Cir.1987), *modified*, 826 F.2d 2 (5th Cir. 1987). Those cases, in turn, have looked to case law addressing violations of various employment discrimination acts—the Equal Pay Act and Title VII, for example. *See, e.g., Corning Glass Works v. Brennan*, 417 U.S. 188, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974) (Title VII); *Berry v. Board of Supervisors of LSU, et al.*, 715 F.2d 971 (5th Cir.1983), *cert. denied*, 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986) (Equal Pay Act).

■ A plaintiff cannot recover for an injury that occurs outside the governing statute of limitations. However, if a plaintiff can show a "continuing violation" of an employment statute, courts will view each separate violation, in this case deficient pay checks, as a separate act for the purposes of the statute of limitations. *Hendrix*, 911 F.2d at 1103. The plaintiff is thus relieved "from the burden of proving that the entire violation occurred within the actionable period." *Berry*, 715 F.2d at 979. On the other hand, a plaintiff may not complain of the continuing effects of a "singular, discrete act" that occurred outside the statute of limitations. *Alldread v. City of Grenada*, 988 F.2d 1425, 1430 (5th Cir.1993). The distinction between these theories is not always an easy one to make. The City argues that the police officers have complained of the latter—a policy

---

1. The San Antonio Police Officers Association nonsuited its claims against the City.

decision made twenty-five years or more ago. We disagree.

We acknowledge that case law in this area is contradictory and difficult to apply. *See Berry,* 715 F.2d at 979 n. 11. However, some analytical tools have been developed for determining what kind of claim a plaintiff is bringing. Careful application of those tools, along with attention to the purposes of the statute of limitations and to the summary judgment proof upon which the trial court based its decision, lead us to the conclusion that the officers here complain of a continuing violation and are thus not time-barred from bringing suit.

■ The distinction between a continuing violation and a single violation turns on whether the "practice at issue is part of, or a repetition of" a past violation or whether it is facially neutral, simply giving effect to prior discrimination. *Hendrix,* 911 F.2d at 1104. To determine whether the plaintiff is complaining of a continuing violation, we look to factors first outlined by the United States Court of Appeals for the Fifth Circuit. *See Berry,* 715 F.2d at 981. The first of those factors is whether the violations involve the same type of wrong, tending to connect them in a continuing violation. *Id.* The second is whether the acts are recurring or isolated. *Id.* The third, and most important, is the degree of permanence of the act. *Id.* Under that factor, courts ask whether the original act had such a degree of permanence that would trigger the employee's awareness of and duty to assert his or her rights. *Id.*

■ Here, we find that the alleged acts do involve the same type of wrong—requiring employees to assume higher-level duties without appropriate compensation—that tends to connect them in a single violation. We find also that the acts, as alleged, were recurring from the years 1988 to 1995. As to the most important factor, whether an original act or policy decision triggered the employees' awareness of the violation, we find that the City has not met its summary judgment burden on that issue.

In its Motion for Summary Judgment, the City said that its failure to compensate employees for assuming higher-level duties had been a continuing practice of the San Antonio Police Department for at least twenty-five years. In support of that contention, the City attached the amended affidavit of Tyrone Powers, captain of the police department, who stated, "San Antonio Police Officers have been utilized in the manner and under the circumstances at issue for an *unknown and indefinite period of time.* The policy, practice, or custom of using police officers in the manner and under the circumstances at issue was in effect *prior to 1988,* and in fact has been the policy, custom, or practice for *at least the past twenty-five years* " (emphasis added).

The argument that the City has been committing an alleged violation of a Texas statute for more than twenty-five years does not conclusively establish that the statute of limitations has run on these claims. Instead, as we read *Berry* and like cases, the City was obliged to establish that it had made a discrete, easily identifiable policy decision at some point that put its employees on notice that they had a valid legal claim. The purposes of a statutes of limitation are satisfied under such reasoning: plaintiffs are required to bring claims forward while they are fresh. *See Morriss,* 948 S.W.2d at 868 (purpose of statute of limitations is to "compel the assertion of claims within a reasonable period after their origin and while the evidence upon which their enforcement or resistance rests is yet fresh in the minds of the parties or their witnesses").

Powers's affidavit essentially argues that "we've always done it this way." This argument does not establish a discrete act, made at a discrete point in time. It does not even sufficiently raise the issue. Nor does Powers's contention that some employees complained of the department's practices in 1986 suggest that the statute has run as to the employees before the court. None of the employees appealing here participated in that complaint. In addition, the employees here complain of inadequate pay beginning in *1988,* two years after that complaint was filed. The City has provided no evidence that the appealing parties here had notice of claims they might bring against the City in

1986 or at any point outside the statute of limitations.

Powers concludes his affidavit with an analysis of each employee's claim and a justification for the amount the department paid each employee. We assume that Powers is attempting to show that each claim can be explained under the alleged twenty-five-year-old "policy." We do not find this evidence relevant to the limitations issue. Assuming, as we must, in a summary judgment proceeding, that the "policy" violates the law, our only question is whether the City has established that, as a matter of law, its policy decision constitutes a single violation rather than a continuing violation. Whether that policy, as applied to these individual plaintiffs, can be legally justified is a determination to be made at trial. As the Eleventh Circuit Court of Appeals has pointed out, the source of the employees' ability to recover is not the decision as to how to classify the employees, it is the failure to pay them overtime, assuming they were misclassified. *Knight v. Columbus, Georgia,* 19 F.3d 579, 582 (11th Cir.1994), *cert. denied,* 513 U.S. 929, 115 S.Ct. 318, 130 L.Ed.2d 280. For statute of limitations purposes, the classification decisions are not relevant. *Id.*

We have examined the cases cited by both parties. The case cited most vigorously by the City, *Alldread,* is not analogous. In *Alldread,* city firefighters sued the city for failure to compensate them for "sleep time," as required by the FLSA. *See Alldread,* 988 F.2d at 1429. The statute exempts from the requirement all "salaried, executive employees," and the city reclassified some of its employees in order to qualify them for that exemption. *Id.* To implement the system, the city had each employee sign a document agreeing to the changes. *Id.* The firefighters sued outside the statute of limitations, and the City pleaded the statute as an affirmative defense. *Id.*

The court held that the pay scheme instituted by the fire department was facially valid, because the scheme included employees' waivers of FLSA requirements. *Id.* at 1431–32. The employees' claim was that they were coerced to sign those waivers—a discrete, single violation. *Id.* at 1432. The

continuing effect of this violation in the employee's paychecks did not relieve the plaintiffs of their responsibility to file suit within the statutorily required time after the violation. *Id.* The violation at issue was characterized as a violation "where the employer moves from one facially valid system of pay to another valid system of pay in an improper manner or at a prohibited time." *Id.* at 1431.

The court distinguished that type of violation from one where "an employer implements a facially invalid system and continues to pay compensation under the facially invalid system." *Id.; see also Hendrix,* 911 F.2d at 1104. That situation, the court stated, typifies the continuing violation claim. We find that the plaintiffs here have made such a claim. *See Knight,* 19 F.3d at 581 (if city has misclassified officers, FLSA is violated each time city issued deficient paycheck).

In another case relied upon by the City, *Hendrix,* the Fifth Circuit held that a city's unilateral reduction of the base salary of its firefighters was a single violation of the FLSA. *Hendrix,* 911 F.2d at 1105. The court held that the city's continuing to pay the plaintiffs pursuant to the allegedly invalid policy was simply a continuing, facially neutral, *effect* of the policy. *Id.* at 1105. *Hendrix* is inapposite. Here, the City has not established that it instituted a facially invalid policy and then implemented it in a facially neutral manner. The City cannot compare a "policy" that has existed for an indefinite period of time and is not reflected on any piece of paper that it presented as summary judgment evidence to the announced reduction in pay that triggered the statute of limitations in *Hendrix.*

In *City of Austin v. Austin Professional Fire Fighters Ass'n,* 935 S.W.2d 179 (Tex. App.—Austin 1996, judgment vacated), the court of appeals held that a claim by Austin firefighters, brought under the Texas Local Government Code, was not barred by the statute of limitations. In that case, the firefighters complained that employees hired after 1974 were not being credited, for seniority purposes, for the time they spent as cadets. *Id.* at 181. The court noted that the department was unable to say

when or how the pay practice had originated. *Id.* at n. 2.

The Austin court of appeals held that the claim was not-time barred, even though some of the firefighters had been hired more than four years prior to the filing of the suit. Relying on Texas case law governing installment contracts, the court held that "where periodic payments are contractually required, the statute of limitations will bar only those payments due more than four years before the filing of suit, even though the original breach may have occurred more than four years before suit was filed." *Id.* at 183; *see also F.D. Stella Prods. Co. v. Scott,* 875 S.W.2d 462, 465–6 (Tex.App.—Austin 1994, no writ). We find this reasoning sound and consistent with both federal and state law.[2]

### POINT OF ERROR THREE: THE COUNTER-MOTION FOR SUMMARY JUDGMENT

In their third point, the police officers complain that the trial court erred in overruling their counter-motion for summary judgment. That motion presented five separate grounds: that the plaintiffs conclusively proved that they performed higher classified duties without appropriate pay; that the plaintiffs were not barred by the statute of limitations; that the plaintiffs were entitled to attorneys' fees; that the plaintiffs had exhausted their administrative remedies; and that the plaintiffs were not equitably

estopped from bringing their claims. In their brief to this court the officers argue only that, if they are not barred by the statute of limitations, they should be allowed to claim back pay for the four years prior to the suit brought by the Association, rather than be limited to the four years prior to the date each individual plaintiff intervened in the lawsuit.[3]

We consider only the claim raised in the officers' brief to this court. *See* TEX.R.APP. P. 38.1(h) (brief must contain argument with supporting authority); *see also Ralston Purina Co. v. McKendrick,* 850 S.W.2d 629, 637 (Tex.App.—San Antonio 1993, writ denied). The City argues that we cannot even consider that narrow ground because the summary judgment motion is insufficient as a matter of law. The City claims that the motion fails to state the specific grounds on which it is made. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). We disagree. The officers' counter-motion argues that the officers should be entitled to backpay for the four years prior to October 1992, when the claims of misclassification were added to the Association's suit. We will consider this point.

The City claims that the filing of the suit by the Association, and the subsequent inclusion of the misclassification claims, did not toll the statute of limitations as to the indi-

---

2. The continuing violation theory applied here is somewhat analogous to the theory of continuing tort. *See Berry,* 715 F.2d at 979 n. 11 (comparing theories under statutory causes and tort causes); *see also Twyman v. Twyman,* 790 S.W.2d 819, 820 (Tex.App.—Austin 1990) (applying continuing tort theory in claim for negligent infliction of emotional distress), *rev'd on other grounds,* 855 S.W.2d 619 (Tex.1993). However, because continuing tort causes of action are grounded in the idea of a continuing *injury* to the plaintiff, tort claimants may sue for acts that occurred beyond the two-year statute of limitations, as long as the cause of action accrued within the statute. *Id.* at 821. In continuing tort cases, the cause accrues when the injurious act ceases. *Id.*

For purposes of determining accrual of claims, cases such as the one before the court are more analogous to installment contract cases, where each deficient or failed payment is deemed to be a separate injury. *City of Austin,* 935 S.W.2d at 183. Because a claimant cannot bring suit for a breach of an installment contract that occurred

more than four years before the suit was filed, he or she may not recover for deficient paychecks due prior to four years before filing suit. *Id.; F.D. Stella Prods.,* 875 S.W.2d at 465–6; *see also Knight,* 19 F.3d at 583.

3. The City's brief suggests that it is somewhat confused by this point. This is understandable. The officers' brief labels the point, "The trial court erred in failing to grant the appellants' counter-motion for summary judgment and hold that Appellants may seek back wages from October 1, 1988." However, in its argument of the point, the brief does not refer to the officers' counter-motion. The City, therefore, argues in its brief that the officers have failed to supply authorities to the court to support its third point.

We construe the label and argument together, and find that the officers are complaining of that portion of its motion relating to the scope of the statute of limitations. Because the City did address this issue in its brief, we find the question fairly joined.

vidual plaintiffs. The City bases this assertion on statements made by the Association's attorney when the Association sought its nonsuit. At a hearing apparently requested by the officers, the attorneys representing the individual officers attempted to clarify for the record that the Association's nonsuit would not affect the claims of the individual plaintiffs. The attorney for the Association stated that he had never represented the individual plaintiffs and that the nonsuit would not affect their claims. But he also stated that the original suit had been filed "solely on behalf of the Police Officer's Association, and any claims that Association may have as *the exclusive agent, bargaining agent,* for the police officers."

It is clear that the attorney was not suggesting that the Association did not represent these officers; instead, he was conceding that he, himself, did not represent them. The Association's original suit was filed on behalf of all the officers, not just those who did not also file individual lawsuits. *See Seureau v. Tanglewood Homes Assoc., Inc.,* 694 S.W.2d 119, 121 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (homeowner's association's filing suit on behalf of owners tolled statute of limitations for individual owners who later intervened in suit); *see also Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 518 (Tex.1995) (association may sue on behalf of its members with or without participation of individual members). The Association's suit tolled the statute of limitations for all individual claims on the date that the misclassification claims were added, October 1, 1992. We therefore overrule the denial of the plaintiffs' Motion for Summary Judgment insofar as it addresses the tolling of the statute of limitations. If successful at trial, the officers may claim back wages for the four years preceding that date.

## CONCLUSION

The City has not established conclusively that it committed a discrete act that put the officers on notice that they may have had a cause of action against the City. Because the City's burden on summary judgment was to conclusively establish its affirmative defense,

we reverse the judgment and remand this case for trial on the merits. If successful at trial, the plaintiffs may recover backpay for the four years prior to October 1, 1992.

ANGELINI, J., concurs in judgment only.