# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-30715
Summary Calendar

_____

MASSOOD DANESH PAJOOH,

Plaintiff-Appellant,

versus

KENNETH MONTGOMERY; JOHN BLAZE; TONY LOCK; STEVEN PLUNKETT;
P. DREXCEL; R. FIRMIN; LEONARD GRACE; TERRI POVENMIRE; RONALD G.
THOMPSON; FELIX SANCHEZ; C. GREEN; MARTHA JORDAN; SUE BEASLEY;
R. THOMPSON; JOHN DOE; UNKNOWN EMPLOYEES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-89)
_____

December 27, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Massood Danesh Pajooh challenges the dismissal of his *pro se* civil rights complaint, brought pursuant to ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971). Federal courts look to state law to determine the applicable prescriptive period for a ***Bivens*** claim. *See, e.g.,* ***Elzy v. Roberson***, 868 F.2d 793, 794-95 (5th Cir. 1989); LA. CIV. CODE ANN. art. 3492 (West 1994) (applicable prescriptive period in Louisiana is one year). We conclude: Pajooh was aware of each alleged

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation when it occurred; his claims accrued between February and December 1999, when the alleged violations occurred; and his claims prescribed, because his complaint was not filed until more than a year later — in January 2001.

Pajooh's contentions that some of his claims accrued within the one-year prescriptive period are not persuasive. Although one punishment did not begin until January 2000, Pajooh was aware in December 1999 that the punishment would be imposed; therefore, any claim accrued at that time. See *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518-19 (5th Cir. 1998). Pajooh also asserts that another claim did not accrue until he learned of his weight loss in January 2000; however, his constitutional claims arise from the alleged violations of his rights by prison officials — violations Pajooh was aware of when they occurred. Pajooh also argues that his complaint should be construed under a continuing violation theory, but he has not shown that any violation occurred within the prescriptive period as is required under that theory. See *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir. 1990).

Pajooh maintains that the Louisiana doctrine of *contra non valentem* tolls the running of the prescriptive period because harassment and fear of retaliation effectively prevented him from timely filing a complaint. However, Pajooh's own complaint suggests that these allegations are exaggerated; despite his alleged fear of retaliation, he included with his complaint

2

exhibits that show he filed internal grievances about many of the incidents cited in that complaint.

Pajooh also requested the production of documents he asserts were necessary to demonstrate how retaliation and harassment caused him to delay filing his complaint.  We conclude that the grant of the protective order was neither arbitrary nor clearly unreasonable.  *See **Moore v. Willis Indep. Sch. Dist.**,* 233 F.3d 871, 876 (5th Cir. 2000).  A motion to dismiss was pending, and the magistrate judge had already issued a recommendation that Pajooh's complaint be dismissed as prescribed on its face.  In addition, as discussed above, Pajooh's own complaint contradicts his claim that harassment and retaliation caused him to delay filing his complaint.

*AFFIRMED*