United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60134
SUMMARY CALENDAR

_____

DAVIS ISLAND LAND CO., LLC.

Plaintiff - Counter Defendant - Appellant - Cross-Appellee

v.

USA; ET AL

Defendants

STATE OF MISSISSIPPI; VICKSBURG WARREN SCHOOL DISTRICT

Defendants - Counter Claimants - Appellees - Cross-Apellants

_____

On Appeals from the United States District Court for the
Southern District of Mississippi, Jackson Division
(5:00-CV-316-BrS)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the district court's decision granting the summary judgment

motion of Defendants-Appellees, the State of Mississippi and Vicksburg Warren School District

(collectively, "the School District"). In addition, we review the district court's decision to dismiss

the School District's counterclaims. For the following reasons, we uphold the district court's

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

decision.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In 1971, Davis Island Land Co., LLC (hereinafter, "Davis Island") purchased 5,200 acres of property in Warren County, Mississippi. The land purchased surrounds a piece of property identified as Section 16, Township 14 North, Range 1 East, Warren County, Mississippi (hereinafter, "Section 16") that is owned by the School District. At the time of the purchase, Davis Island also assumed the balance of a ninety-nine year lease on Section 16.

Prior to David Island's purchase of the 5,200 acres of land adjoining Section 16 and assumption of the lease on Section 16, the two pieces of property had been in common ownership for over seventy years. Thus, there were no boundary markers or any other indications delineating the boundaries between Section 16 and the property owned by Davis Island.

In 1988, as the end of the ninety-nine year lease approached, the School District and Davis Island undertook a survey to determine the boundary line between the two pieces of property. Davis Island disagreed with the results of the survey, arguing that almost one hundred acres of their property had been wrongly included in Section 16.

In May of 1990, despite Davis Island's protests, the School District solicited bids for a lease of hunting and fishing rights on Section 16. The legal description of the land included in the advertisement for bids described Section 16 "as shown by the survey of E.C. Burkhardt dated July, 1988." Though Davis Island was not the highest bidder for the hunting and fishing lease, they exercised their right to match the highest bid and entered into a five year lease on May 24, 1990. The lease began on June 15, 1990. In 1995, Davis Island entered into another five year lease with the School District for hunting and fishing rights to Section 16. In both leases, Section

16 was described by referring to the 1988 survey.

On December 11, 2000, Davis Island filed suit claiming that approximately 95 acres of its property had been wrongfully taken by the School District in violation of Davis Island's due process rights under the Fifth and Fourteenth Amendments to the Constitution. The School District filed counterclaims asking the court for a declaration that they are the proper owners of the property in dispute. They also seek attorney's fees pursuant to a clause in the lease.

Both parties filed motions for summary judgment. The district court granted the School District's motion for summary judgment, ruling that Davis Island's claims were barred by the ten year statute of limitations. The district court also dismissed the School District's counterclaims, refusing to exercise supplemental jurisdiction over the purely state law claims. This appeal followed.

II.

STANDARD OF REVIEW

We review de novo the district court's decision to grant the School District's motion for summary judgment. *Caleptco v. Marshall Exploration Co.*, 989 F.2d 1408, 1414 (5th Cir. 1993). Summary judgment may be used to avoid the expense, time, and delay of trials where claims are barred as a matter of law. *Id.* Summary judgment is proper when the facts indicate that the applicable statute of limitations has run. *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1231 (5th Cir. 1980, *cert. denied*, 452 U.S. 652 (1981).

We review the district court's decision to dismiss the School District's counterclaims by failing to exercise supplemental jurisdiction for an abuse of discretion. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

III.

STATUTE OF LIMITATIONS

The district court determined that Davis Island's cause of action accrued on the date the original lease became effective, June 15, 1990, and that therefore, their claims were barred by the statute of limitations. When a claimant brings an action in Federal Court alleging deprivations of property under the Fifth and Fourteenth Amendments, the court must look to the applicable state statute of limitations. *Suthoff v. Yazoo County Industrial Dev. Corp.*, 722 F.2d 133 (5th Cir. 1983). Under the most generous reading of the applicable Mississippi statute of limitations, Davis Island had ten years to bring their suit. Mississippi Code Annotated § 15-1-7 (2002), and § 15-1-9 (2002). As this suit was not filed until December 11, 2000, the district court correctly found that Davis Island's claims were time barred.

Davis Island argues that their cause of action did not accrue at the time they entered into the lease because the description of Section 16 in the lease did not include any of the disputed property. They argue that the 1988 survey was based on an inaccurate survey conducted in 1848, and that this somehow erases the reference to the 1988 survey from the description of the property in the lease. This argument is unavailing. First, a legal description of land may refer to a survey with words such as "as shown by" or "as designated on." 23 Am.Jur.2d., *Deeds*, Section 62 (1995). Second, even if Davis Island is correct in their assertion that the 1988 survey was inaccurate, they cannot claim that they were unaware of the fact that the lease clearly included property which they claimed to be their own.

While Davis Island argued for application of the "continuing violation" doctrine, the district court correctly determined that the doctrine is not applicable to this case. *Hendrix v. City of Yazoo City*, 911 F.2d 1102 (5th Cir. 1990). Davis Island was aware of the School District's claim to the property since 1988. *Id.* This is not a case of a series of discreet acts only later

recognizable as a violation of some right. *Id*. Further, these circumstances are not so exceptional as to merit tolling the statute of limitations. *Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002). The School District never misled Davis Island or prevented them from asserting their rights. *Id*. The district court correctly determined that the statute of limitations barred Davis Island's claims.

## IV.

## FAILURE TO EXERCISE SUPPLEMENTAL JURISDICTION

After dismissing Davis Island's claims because they were barred by the statute of limitations, the district court dismissed the School District's state law counterclaims by declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). The district court followed the general rule that it is proper to decline to exercise jurisdiction over pendant state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 447 (5th Cir. 2002); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

The School District is attempting to establish ownership of Section 16 through adverse possession. They also seek attorneys fees from Davis Island pursuant to a clause in the lease agreement. The resolution of these claims will be much more difficult than the School District acknowledges. The district court did not abuse its discretion by failing to exercise jurisdiction over the purely state law counterclaims.

## V.

## CONCLUSION

For the foregoing reasons, we affirm the district court's decision.