Robert J. EWER, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 00–600–C.

United States Court of Federal Claims.

Filed: Dec. 21, 2004.

Reissued for Publication Jan. 6, 2005.

Barbara B. Hutchinson, New Carrollton, MD, counsel of record for Plaintiffs.

Richard S. Ewing, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, counsel of record for defendant, with whom were David M. Cohen, Director, Kathryn A. Bleecker, Assistant Director, and Peter D. Keisler, Assistant Attorney General.

## OPINION

DAMICH, Chief Judge.

This case was filed under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (hereinafter "FLSA" or the "Act") by 12 employees or former employees of the Defense Logistics Agency (hereinafter "DLA Plaintiffs"). The Complaint, filed on October 4, 2000, alleged that the United States (hereinafter "Defendant") willfully violated the FLSA by treating the DLA Plaintiffs as exempt from receiving overtime pay. Compl. ¶ 16, at 8, ¶ 17, at 8–9.

On March 15, 2001, an additional 16 plaintiffs were added, all of whom are or were employees of the Department of the Army (hereinafter "Army Plaintiffs"). Defendant filed the current motion, its Motion for Partial Dismissal of Plaintiffs' Complaint (hereinafter "Def.'s Mot."), on September 16, 2004, seeking dismissal under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (hereinafter "RCFC"). This motion seeks dismissal of the Army Plaintiffs' claims [1] only to the extent that those Plaintiffs are seeking relief beyond the two– or three-year statute of limitations set forth under the FLSA.

For the reasons discussed below, Defendant's Motion for Partial Dismissal is hereby GRANTED.

## I. Background

In the complaint, Plaintiffs allege that, beginning in 1992, each Plaintiff was required and permitted to travel for business outside of normal work hours but was not compensated for this time because each Plaintiff's position was classified as exempt from receiving overtime compensation under the FLSA. Compl. ¶ 16, at 8. In addition, Plaintiffs claim that Defendant acted willfully, in that it was

---

1. The original group of DLA Plaintiffs have settled with the government. As a result, the DLA Plaintiffs' claims were dismissed with prejudice on December 14, 2004.

"aware ... that the FLSA required the classification of the positions occupied by the plaintiffs as nonexempt and required the payment of overtime wages for travel outside and in excess of an employee's regularly scheduled and assigned work hours." Compl. ¶ 17, at 8. As a result, Plaintiffs requested, *inter alia,* that they be awarded compensation and attorney fees, and that their positions be henceforth classified as nonexempt from overtime payment. Compl. ¶ 36, at 14–15.

After the Army Plaintiffs were joined under RCFC 20(a), the case was stayed at the parties' request due to the pendency of certain cases before the Federal Circuit. Once the stay was lifted, a long period of discovery ensued. Since only the Army Plaintiffs' claims remain, whatever portions of this case are not disposed of in this opinion will be resolved at trial, which is scheduled for January 2005.

## II. Analysis

### A. Motion to Dismiss Standard

Pursuant to RCFC 12(b)(1), the Court is required to grant Defendant's motion to dismiss if it finds that the Court of Federal Claims does not have jurisdiction over Plaintiffs' claims. In ruling on a motion to dismiss, the Court must resolve all factual issues in favor of the non-moving party. *See Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). However, where the moving party questions subject matter jurisdiction, as Defendant questions the Court's jurisdiction over the Army Plaintiffs' claims, the nonmoving party, in this case Plaintiffs, has the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists. *Id.* at 748.

### B. Statute of Limitations

Since there is a two– or three-year statute of limitations under the FLSA, Defendant claims that the Army Plaintiffs cannot recover damages for many of the years for which they claim entitlement during the period of 1992 through 2001. 29 U.S.C. § 255; Def.'s Mot. at 1–2. The FLSA mandates a two-year statute of limitations for non-willful violations of the Act, but allows for a three-year statute of limitations for willful ones. 29 U.S.C. § 255(a).[2]

Plaintiffs, however, present four arguments to counter the application of the above statute: (1) the Tucker Act, not the FLSA, controls the statute of limitations for their claims; (2) their claims relate back to the date that the original complaint was filed, not the date on which Plaintiffs were joined in the suit; (3) the "continuing violation" doctrine tolls the application of the statute of limitations so that they can recover for all years back through January 1, 1992; and (4) equitable tolling applies in this case. Plaintiffs' Response to Defendant's Motion for Partial Dismissal of Plaintiffs' Complaint (hereinafter "Pls.' Resp.") at 2–4. Although the Court is persuaded by some of Plaintiffs' arguments, the Court is not convinced that Plaintiffs should be permitted to present evidence on all claims dating back to 1992.

#### 1. Appropriate Statute of Limitations

This case was properly brought under the FLSA, pursuant to the Tucker Act, 28 U.S.C. § 1491, through which plaintiffs can perfect jurisdiction in this court under statutes that are "money mandating." Pls.' Resp. at 2–3; Compl. ¶ 15, at 7. Facially, it appears that this Court has jurisdiction over the Army Plaintiffs' claims because the FLSA is a "money-mandating" statute," one that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell,*

2. As the Act states:

> Any action ... to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 ...
>
> (a) ... may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255.

463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (citations omitted); *see also Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002, 1008 (1967);[3] *Hickman v. United States,* 43 Fed.Cl. 424, 425 (1999).

However, Defendant argues that the FLSA statute of limitations is "jurisdictional," and that the Court cannot assert jurisdiction over any claims occurring more than two or three years before the accrual date—the date on which the claim was discovered. Def.'s Mot. at 3 (citing *Inter-Coastal Xpress, Inc. v. United States,* 296 F.3d 1357, 1365 (Fed.Cir.2002)) (stating that a claim can be dismissed for lack of subject matter jurisdiction if there is a "limit[ ] on the waiver of sovereign immunity by the Tucker Act."). As the Federal Circuit has said, "It is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature." *Martinez v. United States,* 333 F.3d 1295, 1316 (Fed.Cir.2003). "Therefore, if [a] plaintiff's claims are not timely filed, they must, of course, be dismissed with prejudice." *Coon v. United States,* 30 Fed.Cl. 531, 534–35 (1994).

■ In general, actions brought before the Court of Federal Claims are subject to the limitation that "[e]very claim of which the [Court of Federal Claims] has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501; *Air Express Int'l Corp. v. United States,* 194 Ct.Cl. 517, 439 F.2d 157, 159–60 (1971) (Tucker Act limitations period applied where statute governing air freight carriers contained no statute of limitations.); *Armitage v. United States,* 22 Cl.Ct. 206 (1990) (Six-year statute of limitations applied where claims arose under the Title 5 leave-with-pay statutes, instead of under the FLSA.). However, this limitation does not apply when the statute under which the action is brought provides otherwise. *Bath Iron Works Corp. v. United States,* 20

F.3d 1567, 1572 (Fed.Cir.1994); *see also Inter-Coastal Xpress, Inc.,* 296 F.3d at 1365. Further support for using the FLSA statute of limitations lies in the decisions of the Federal Circuit and the Court of Claims, neither of which has questioned the applicability of the two- or three-year FLSA limitations period nor suggested applying the general six-year statute of limitations instead. *See, e.g., Adams v. United States,* 350 F.3d 1216, 1229 (Fed.Cir.2003); *Doyle v. United States,* 931 F.2d 1546, 1549 (Fed.Cir.1991); *Beebe v. United States,* 226 Ct.Cl. 308, 640 F.2d 1283, 1293 (1981).

Indeed, whether the FLSA limitations period is jurisdictional or not, ignoring the statute of limitations in favor of the longer Tucker Act limitation period would render the FLSA limitations provision meaningless. Neither *Inter-Coastal Xpress,* 296 F.3d at 1365, nor *Bath Iron Works,* 20 F.3d at 1572, on which Defendant relies, explicitly apply to the FLSA. These cases deal with the Interstate Commerce Act and the Contract Disputes Act. They stand for the proposition that where a statute creates jurisdiction that did not already exist, its limitations period is jurisdictional. This is true, for example, of the six-year limitations period in the Tucker Act. *Deason v. United States,* which Plaintiffs cite, also does not apply directly to the FLSA. 54 Fed.Cl. 509, 511 (2002). Rather, this case simply reaffirms that the Tucker Act's six-year limitations period is jurisdictional in nature.

■ Plaintiffs claim that *Hickman,* 43 Fed.Cl. at 424–25, a non-binding[4] Court of Federal Claims case, supports their position that, under RCFC 12(b)(1), dismissal before the end of six years is improper when a money-mandating statute such as the FLSA is involved. Pls.' Resp. at 2. In *Hickman,* the plaintiff filed a FLSA claim against the government and asserted jurisdiction under the Tucker Act. *Hickman,* 43 Fed.Cl. at 425. In a previous order, the court had noted that "FLSA is a money-mandating statute," triggering jurisdiction under the Tucker Act. *Id.*

---

**3.** Cases of the Court of Claims, which is a predecessor to the Federal Circuit, are binding on this Court. *South Corp. v. United States,* 690 F.2d 1368, 1370 (Fed.Cir.1982) (en banc).

**4.** Prior decisions of the Court of Federal Claims are not binding on this Court or the Federal Circuit. *West Coast Gen. Corp. v. Dalton,* 39 F.3d 312, 315 (Fed.Cir.1994).

However, *Hickman* is distinguishable because in that case, the two– or three-year FLSA limitations period was never in question since the plaintiff had filed his complaint exactly three years after the last pay period in which the alleged FLSA violations had occurred. *Id.* at 438, 442. The court, applying the FLSA limitations scheme, explained that Hickman could recover only if the alleged violations were willful, thus bringing his claims within the three-year window. *Id.* at 438, 442 (Dates of FLSA claims "could be dispositive if plaintiff at trial failed to show facts that establish … willful violation.").

### 2. Relation Back

■ Next, the Army Plaintiffs assert that their claims relate back from the date they were joined in this suit—March 15, 2001—to the date that the complaint was filed—October 4, 2000. Pls.' Resp. at 2. Plaintiffs argue that their claims can be related back to the original filing date under RCFC 15(c)(2):

(c) An amendment of a pleading relates back to the date of the original pleading when

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

RCFC 15(c)(2); *see* Pls.' Resp. at 2. Namely, Plaintiffs aver that the complaint amendment that added the Army Plaintiffs meets Rule 15(c)(2) because it comported with Defendant's classification of certain positions at the Department of Defense. Pls.' Resp. at 2. The Court agrees with Plaintiffs. In addition, although Defendant was given a chance to respond to Plaintiffs' allegations on this issue, it did not. Accordingly, the Court finds that the date on which the statute tolled in this case was October 4, 2000.

### 3. "Continuing Violation"

■ Plaintiffs next argue that, because their claim is a "continuing claim," damages are recoverable beyond the statute of limitations period. Pls.' Resp. at 3–4. In Plain-

tiffs' view, that entitles them to recover damages as far back as 1992, when their damages allegedly began occurring. Plaintiffs rely on a decision by the United States Court of Appeals for the Fifth Circuit, which sets forth two types of continuing claims. The first type is one in which the "original violation occurred outside the statute of limitations, but is closely related to other violations that are not time-barred." In this case, "recovery may be had for all violations, on the theory that they are part of one, continuing violation." *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102, 1103 (5th Cir.1990). The second type of continuing violation is one in which the "initial violation, outside the statute of limitations, is repeated later." The result is that "each violation begins the limitations period anew, and recovery may be had for at least those violations that occurred within the period of limitations." *Id.* The Army Plaintiffs use this model to classify their claims within the first type of continuing violations and thus assert that they have the right to recover damages relating to all of their claims dating back to 1992. Pls.' Resp. at 4.

■ This Court, however, does not agree that the *Hendrix* case comports with Federal Circuit precedent.[5] The Federal Circuit has found that, "[i]n order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates–Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed.Cir.1997). This doctrine has been applied in cases such as *Cook v. United States*, 855 F.2d 848, 851 (Fed.Cir.1988), where the Federal Circuit held that "a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid," and *Beebe*, in which that court acknowledged that a separate cause of action accrued each payday at which overtime was not paid, but found that the FLSA still barred recovery beyond the

---

5. Although this Court is not bound by Fifth Circuit precedent, it is bound by that of the Federal Circuit.

two-year statute of limitations.[6] 640 F.2d at 1293. In none of the cases, however, has the Federal Circuit permitted plaintiffs to recover damages prior to the two– or three-year statute of limitations period based on the continuing claims doctrine. *See, e.g., Brown Park*, 127 F.3d at 1455–56. In fact, the Court of Claims has summarized the treatment of continuing claim cases in the Court of Federal Claims and its predecessors:

> Over the years, the court's pay cases (military and civilian) concerned with the issue of limitations have often applied the so-called "continuing claim" theory, i.e., periodic pay claims arising more than six years prior to suit are barred, but not those arising within the six-year span .... And where the payments are to be made periodically, each successive failure to make proper payment gives rise to a new claim upon which suit can be brought.

*Friedman v. United States*, 159 Ct.Cl. 1, 310 F.2d 381, 384–85 (1962); *see also Wason v. United States*, 179 Ct.Cl. 623, 1967 WL 8863 (1967) (defining "continuing claim" as a claim that "allows plaintiff to recover all sums due thereunder that have accrued within the [statute of limitations period] prior to the filing of [an] action"); *Cosgriff v. United States*, 181 Ct.Cl. 730, 387 F.2d 390, 394 (1967) ("A new cause of action accrued at each pay period, and plaintiff may recover the amounts which have become due during the period from the date 6 years prior to the filing of the petition to the date of judgment.") (emphasis added); *Kutz v. United States*, 168 Ct.Cl. 68, 1964 WL 8529 (1964) (finding that plaintiff's "claim [wa]s a continuing one on which the plaintiff can go back no more than six years from the date of suit"). As a result, the Court agrees with Plaintiffs that the continuing claims doctrine is relevant to this case, but finds that the doctrine, as applied by the Federal Circuit, does not permit the Army Plaintiffs to recover damages outside of the two– to three-year FLSA statute of limitations.

#### 4. Equitable Tolling

 As discussed above, it is clear that the FLSA statute of limitations applies here.

Furthermore, it has been established that, to fall within that statute of limitations, Plaintiffs' claims must have accrued 2–3 years before October 4, 2000. Therefore, the main issue now is whether Plaintiffs are entitled to equitable tolling of the limitations period. They will be entitled to invoke the equitable tolling doctrine if they can show that (1) "there was a defective pleading filing [sic] during the statutory period"; (2) they have been "induced or tricked" by their adversary into allowing the filing deadline to pass; or (3) their damages were "inherently unknowable." *Hickman*, 43 Fed.Cl. at 427 n. 4. However, equitable tolling is to be granted sparingly, in situations where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *see also Martinez*, 333 F.3d at 1318; *Deason*, 54 Fed.Cl. at 513 (holding that equitable tolling of the Tucker Act's six-year limitations period was possible where plaintiff failed to file a timely claim due to his reliance on defendant's representations that overtime payment was forthcoming). However, equitable tolling is not generally available where the claimant "failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Furthermore, application of the doctrine is allowed only under exceptional circumstances and only if the party asserting it has actively pursued his claim. *Id.* at 96, 111 S.Ct. 453; *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). As the Supreme Court has stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period .... We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

---

**6.** The possibility of a three-year statute of limitations was not an issue in *Beebe* as the plaintiffs in

that case did not claim that defendant acted willfully. 640 F.2d at 1293.

*Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (citations omitted).

Plaintiffs correctly note that the FLSA limitations period is a not a statute of repose; thus, principles of equitable tolling apply. *Hickman,* 43 Fed.Cl. at 427. However, the facts here do not support a finding of equitable tolling. Plaintiffs do not allege that Defendant misled them into believing that they would be paid overtime for travel, nor do they assert that any defective pleadings were filed. Instead, Plaintiffs complain that their jobs have been improperly classified. Plaintiffs do not explain how this alleged error was "inherently unknowable" prior to the statute of limitations period, nor do any of the alleged facts support such a conclusion.

### III. Conclusion

Since the Court is not persuaded by Plaintiffs' arguments regarding the proper length of the relevant statute of limitations, the continuing claims doctrine, or the equitable tolling of the statute of limitations, Defendant's Motion for Partial Dismissal of Plaintiffs' Complaint is hereby GRANTED in part.

However, since the Court is persuaded by Plaintiffs' argument regarding the proper date for statute of limitation purposes, Defendant's motion is partially DENIED. It is hereby ORDERED that the statute of limitations date shall be October 4, 2000.

Further determination of which of the government's actions, if any, violated the FLSA, and which of those actions, if any, were willful, will be made at trial.

As a result, the Court hereby ORDERS that entry of judgment on this motion will be suspended pending resolution of trial and any post-trial motions.[7]

---

7. This document was reissued for publication on January 6, 2005, pursuant to a joint report filed by the parties, dated December 30, 2004. The joint report stated that the opinion, originally filed under seal, could be published without alteration.