IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-50584

GLENN BRAGG; JOLYNN BRAGG,

Plaintiffs - Appellants,

v.

THE EDWARDS AQUIFER AUTHORITY; VELMA DANIELSON, in her
official capacity as General Manager of The Edwards Aquifer Authority

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CV-1129

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Glenn and JoLynn Bragg, owners of two pecan
orchards located above the Edwards Aquifer in Texas, sued the state regulatory
agency in charge of the Aquifer, the Edwards Aquifer Authority, and its general
manager (collectively, "the Authority") under 42 U.S.C. § 1983 for alleged
violations of the United States constitution; they also asserted related state law
takings claims. They sued because the Authority denied the Braggs'
applications for withdrawal permits for their two orchards, allegedly refused to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

approve settlements between the Braggs and third parties, and implemented a purportedly unconstitutional junior/senior water withdrawal rights regulatory scheme.

In its well reasoned order of August 31, 2007, the district court dismissed certain claims, including the third-party settlement claims, as time barred under Fed. R. Civ. P. 12(b)(6). In its order of March 25, 2008, the court granted summary judgment in favor of the Authority on the remaining federal law claims, concluding that the Braggs failed to state constitutional violations. The court then exercised its discretion to dismiss the remaining state law claims. In addition to the cogent reasons assigned by the district court, for the following reasons we conclude that the district court is correct in all respects:

1) On the issue of timeliness, the Braggs focused their oral argument on the proposition that the Authority's actions constitute a continuous course of conduct and thus make all their claims timely. We disagree. This case clearly involves a discrete series of individual events, each subject to its own two year statute of limitations.[1] Claims relating to some of those events are clearly time barred.

The Braggs properly cite *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 200 (1985), for the proposition that the effect of regulations "cannot be measured until a final

---

[1] The Braggs largely rely on *Huckabay v. Moore*, 142 F.3d 233 (5th Cir. 1998), and *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102 (5th Cir. 1990), neither of which supports the application of the continuous course of conduct theory in this case. In *Hendrix*, we applied the theory only to a hostile work environment claim but did not apply it to claims relating to demotion and denial of promotion because they were "isolated occurrence[s] apart from the continuously violative hostile work environment." 142 F.3d at 240. In *Hendrix*, we refused to apply the theory to a series of paychecks received by the plaintiffs where the underlying claim was a reduction in base pay which occurred outside the statute of limitations and which "had 'the degree of permanence that should trigger an employee's awareness of and duty to assert his or her rights.'" 911 F.2d at 1104 (quoting *Berry v. Board of Supervisors*, 715 F.2d 971, 981 (5th Cir. 1983)). Here, each of the Authority's actions (e.g., denying each permit application or reducing the Braggs' withdrawal rights under the junior/senior rights scheme) was such an "isolated occurrence" with the requisite "degree of permanence."

decision is made as to how the regulations will be applied." In that case, the Supreme Court held that the respondent's § 1983 claim was premature because the respondent filed suit before applying for a variance from the regulations and thus did not give the agency an opportunity to make a decision. *Id.* That is not the situation here.

For each of their orchards, the Braggs applied to the Authority for a permit and the Authority issued a final decision, triggering a separate two year § 1983 statute of limitations with each decision. Although the Braggs continued to enjoy interim water rights on each orchard until January 1 of the year immediately following the Authority's permit application decision concerning that orchard, the district court correctly concluded, under *Burns v. Harris County Bail Bond Board*, 139 F.3d 513 (5th Cir. 1998), that the § 1983 statute of limitations began to run from the Authority's final decision permanently denying water rights and not from the time the interim rights expired by operation of law.

The Authority issued a final decision completely denying the Braggs' permit application on their smaller D'Hanis orchard on October 21, 2004 and issued a final decision substantially denying their application on their larger Home Place orchard on February 8, 2005. Because the Braggs did not file suit until November 21, 2006, it is plain that claims relating to the D'Hanis denial (but not the Home Place denial) are untimely under the two year statute of limitations. Moreover, the Braggs made it clear in their amended complaints that the Authority had already refused to approve the 2001 and 2002 third-party settlement agreements when it denied the D'Hanis permit application on October 21, 2004, so the settlement claims are also time barred. Therefore, the district court's Rule 12(b)(6) dismissal of claims relating to the smaller orchard's permit application as time barred was correct for the reasons given in the court's August 31, 2007 order.

2) The district court correctly dismissed the Braggs' substantive due process claims because even if the Authority happened to be incorrect on issues of state law, its actions do not approach the arbitrariness or conscience-shocking standard required for such a violation.[2]

3) The district court correctly dismissed the Braggs' equal protection claims because such a claim requires proof "that [the plaintiff] has been intentionally treated differently from others *similarly situated* and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (emphasis added). The Braggs, who are permitted (i.e., non-exempt) users entitled only to the statutory minimum withdrawal rights, base their equal protection claims on comparisons with Aquifer users who are *not* similarly situated to them. Those users are either exempt users or permitted users who are entitled by permit (based on their historical use) to greater withdrawal rights than the Braggs. The district court properly concluded that the Braggs failed to demonstrate an equal protection violation.

4) Because the district court correctly dismissed all of the federal law claims, it acted within its discretion in remanding the remaining state law claims to state court. 28 U.S.C. § 1367(c)(3).

Accordingly, for these reasons and those set forth in the district court's careful orders of August 31, 2007 and March 25, 2008, the judgment is affirmed.

AFFIRMED.

---

[2] *See Marco Outdoor Advertising, Inc. v. Regional Transit Authority*, 489 F.3d 669, 673 n.1 (5th Cir. 2007). For instance, the Braggs argue that the Authority illegally implemented the junior/senior water rights scheme in violation of the Edwards Aquifer Authority Act's guaranteed statutory minimum withdrawal rights for certain users, but the Authority only implemented the scheme to avoid exceeding the aggregate statutory maximum withdrawal rights, which it was not free to ignore or alter under the law, considering the drought conditions at the time. Thus, the Authority's implementation of the junior/senior rights scheme was certainly not arbitrary, though it may have been wrong under the state law.

4