[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13256
Non-Argument Calendar
_____

D. C. Docket No. 03-00041-CV-2

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2005
THOMAS  K. KAHN
CLERK

WILLIAM MADISON HOWELL,

Plaintiff-Appellant,

versus

JAMES PROCTOR, Captain,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 14, 2005)

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

William Madison Howell ("Howell"), a Georgia state prisoner proceeding

pro se, appeals the magistrate judge's grant of summary judgment in his civil rights action brought pursuant to 42 U.S.C. § 1983.[1] The magistrate judge based his grant of summary judgment on the conclusion that Howell's action was barred by the statute of limitations. For the reasons that follow, we vacate and remand.

## I. Facts

Howell filed a pro se 42 U.S.C. § 1983 complaint against Camden County Sheriff William Smith, Captain James Proctor, and various other Camden County Jail staff, alleging violations of his Eighth Amendment and Fourteenth Amendment rights. Specifically, Howell alleged that the defendants were: (1) deliberately indifferent to a serious risk of harm when they failed to prevent an attack by another inmate on March 24, 2000; (2) deliberately indifferent to his medical needs following the attack; (3) deliberately indifferent to his medical needs by denying him medication prescribed by his doctor from December 1999 to February 2, 2001; and (4) violated his equal protection rights by shackling him whenever he was removed from his cell from December 1999 to February 2, 2001.

The magistrate judge ordered Howell to show cause how the claims were logically related. Howell responded that he was bringing a § 1983 complaint against Proctor for cruel and unusual punishment in connection with actions taken

---

[1] The parties consented to the jurisdiction of the magistrate judge.

between December 1999 and February 2, 2001.  The magistrate judge conducted the required screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A, and permitted the claims against Proctor to proceed, but dismissed the claims against the remaining defendants.

After submitting his answer, Proctor moved for summary judgment, arguing *inter alia*, that Howell's claims were barred by the two-year statute of limitations. The magistrate judge granted summary judgment, reasoning that the alleged conduct forming the basis of the complaint occurred on March 24, 2000 and between December 1999 and February 2, 2001, but Howell did not file suit until March 21, 2003[2], more than two years after the alleged conduct occurred.

## II.  Discussion

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). " Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories,

---

[2] Although Howell signed and dated his complaint on February 2, 2001, Howell acknowledges that his complaint was filed on March 21, 2003. Generally it is presumed that a prisoner's complaint is delivered to prison authorities on the date on which it is signed, and the complaint is deemed filed on that date under the mailbox rule.  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Here, however, Howell does not argue that he placed the complaint in the prison mail on the February 2001 date, but rather acknowledges that the complaint was filed in March 2003.  Thus, he has abandoned any argument as to the filing date of his complaint.  Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

3

and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

Because this is a § 1983 action, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003). Georgia's statute of limitations is two years. Thigpen v. Bibb County, Ga., Sheriff's Dep't, 223 F.3d 1231, 1243 (11th Cir. 2000). Although we apply Georgia law in this regard, federal law determines the date on which the statute begins to run, and this court has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."[3] Brown v. Georgia Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (internal quotation marks and citation omitted).

We agree with much of the magistrate judge's analysis. As noted earlier,

---

[3] An exception to this rule is the continuing violation doctrine. "The critical distinction in the continuing violation analysis...is whether the plaintiff[] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994) (internal quotation marks omitted).

Howell's complaint raised four alleged constitutional violations: (1) he was attacked by another inmate; (2) he was denied medical care after the attack; (3) he was denied medical care on a daily basis because the prison officials refused to provide him medications; and (4) he was always placed in shackles upon leaving his cell. The two claims relating to the alleged attack occurred on or around March 24, 2000. These were single incidents that occurred more than two years before the complaint was filed. Thus, the magistrate concluded that these claims were barred by the statute of limitations. The two other claims arose out of conduct that allegedly occurred between December 1999 and February 2, 2001. The magistrate judge reasoned that even as continuing violations, these claims were time-barred because Howell did not file suit until March 21, 2003, more than two years after February 2, 2001.[4]

There is, however, a key problem in the magistrate judge's analysis. The magistrate judge failed to address whether the time period may have tolled while Howell pursued administrative remedies. Howell argued before the magistrate judge, and argues to this court, that the statute of limitations should have tolled

---

[4] In his brief, Howell contends that the district court used the incorrect termination date of the alleged constitutional violations. He argues that April 16, 2001 is the correct termination because he was not transferred out of the prison until April 16, 2001. This argument has no merit. In response to the court's order to show cause, Howell stated that he was raising violations that occurred between December 1999 and February 2, 2001. Thus, Howell himself established the date on which he was aware of his constitutional claims.

while he pursued administrative remedies, and that officials never responded to his grievances. Based on the factual record before us, we cannot make a determination as to whether tolling might be appropriate. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1279-80 (11th Cir. 2001).

Thus, because the magistrate judge never addressed Howell's argument that the statute of limitations tolled while he pursued his administrative remedies, we VACATE and REMAND for the magistrate judge to conduct further factual findings to determine if tolling was appropriate, making any of the claims timely.